## MEYERS et al. v. CENTRAL NAT. BANK OF OKMULGEE.

No. 27168. Sept. 21, 1937.

Rehearing Denied March 1, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 28, 1938.

M. A. Dennis, for plaintiffs in error.

Cochran & Noble, John L. Norman and R. T. Potter, for defendant in error.

PHELPS, J. Eva Henderson, formerly Eva Cobray, was the owner of and had fee-simple title to the east half of the southeast quarter of section 17, township 14 north, range 12 east, in Okmulgee county. On the 11th day of February, 1918, joined by her husband, Hosea Henderson, she executed an instrument purporting to convey to C. A. Whyte "an undivided one-half interest in and to the oil and gas royalty rights in the east half of the southeast quarter of section 17, township 14 north, range 12 east." On April 16, 1918, Whyte conveyed this interest to L. N. Houston, and on the first day of October, 1923, Houston conveyed the same interest to the Central National Bank of Okmulgee. All these conveyances were placed of record.

On December 24, 1921, Eva Henderson, joined by her husband, conveyed to Charles E. Meyers by general warranty deed "the east half of the southeast quarter of section 17, township 14 north, range 12 east," together with all improvements thereon, and warranted the title to the same. Meyers remained in possession of this land until his death in October, 1932. Upon the death of Mr. Meyers his estate passed to his heirs, Joe Meyers, Herbert Meyers, and Mabel Spurgin, plaintiffs in error here, and his estate, including this land, was by the county court of Okmulgee county distributed to them. They executed an oil and gas mining lease covering this property, and the lessee also secured a similar lease from the Central National Bank of Okmulgee. It was developed for oil, and the interests of the lessors in the production has been impounded, awaiting determination of this litigation.

On May 29, 1934, plaintiffs in error filed their petition in the district court of Okmulgee county, in which they alleged that they were the legal owners in fee simple and in actual peaceful possession of the land in question, the same having been distributed to them as a part of their father's estate. They pleaded the source of the bank's claim and alleged its claim is without right and that the bank had no valid interest in the real estate; that the purported conveyance under which it claimed a half interest in the mineral rights was void, constituted a cloud on their title, and prayed that it be removed as such. Judgment was against them, and they appeal.

The sole question to be determined is whether the instrument in question conveyed an undivided one-half interest in the oil and gas mineral rights. The conveying clause reads as follows:

"And an undivided one-half interest in and to the oil and gas royalty rights in the east half of the southeast quarter of section 17, township 14 north, range 12 east."

At the time this instrument was executed there was an existing oil and gas lease covering this property, which lease was not mentioned in the conveyance and which lease expired by its own terms without development, and plaintiffs in error contend that if any interest at all was conveyed by the instrument, it was only an interest in the oil and gas mineral lease in force at the time the instrument was executed, and, it having expired without development, that the grantees and their successors and assignees had no interest in the property; that, as applied to this real estate, or the oil and gas thereunder, the instrument was void and conveyed nothing. On the other hand, it is the contention of defendant in error, and this contention was upheld by the trial court, that the instrument was good, valid, and sufficient as an oil and gas mineral deed.

Counsel for plaintiffs in error cite and rely upon a number of authorities from this and other courts, but a careful examination of these authorities shows that they are not entirely in point, when measured by the facts in the instant case.

In Janeway v. Whitaker, 106 Okla. 83, 233 P. 197, the grantor, in conveying the land, said:

"Excepting all rights in the oil and gas within and under the said described land, which rights in the oil and gas are reserved to the parties of the first part."

This court held this language sufficient to retain the oil and gas mineral rights in the real estate conveyed, saying:

"It is not the oil and gas reserved, but 'all right to the oil and gas.' This court has consistently held in many cases that the only right that one can have, and all the right one can have in oil and gas, apart from the land itself and a royalty interest, is the right to enter upon the land and explore for these substances, and this right is a chattel real and subject to sale and ownership. Ramey v. Stephney, 70 Okla. 87, 173 P. 72; Barker v. Campbell-Ratliff Land Co., 64 Okla. 249, 167 P. 468, L. R. A. 1918A, 487."

It will be noted that the language here used, except the use of the word "royalty," is similar to the language used in the instant case; except that in that case there was a reservation, while in the instant case there was a conveyance. But, as we view it, the same principles of law are applicable, in so far as the particular question before us is concerned. But see Morgan v. McGee, 117 Okla. 212, 245 P. 888. In Rich v. Doneghey, 71 Okla. 204, 177 P. 86, in the fourth paragraph of the syllabus, we said:

"The right of an owner of land as to the oil and gas beneath it is the proper subject of sale, and may be granted or reserved."

Also, in Burns v. Bastien, 174 Okla. 40, 50 P.2d 377, in the sixth paragraph of the syllabus, we said:

"Where a conveyance was made reserving a three-fourths interest in the 'royalty of oil and gas,' and where it is not shown whether or not there was an oil and gas lease on the property at the time, held, that the reservation was of the oil and gas rights and was valid, and operated to except from the grant the right to such minerals, and the right to go upon the land and prospect for and take the oil and gas, although no specific right of ingress or egress was reserved."

The trial court as a court of equity doubtlessly applied to this case the well-recognized doctrine that the language of a contract governs its interpretation, if the language is clear, explicit, and does not involve an absurdity; that the whole contract is to be taken together so as to give effect to every part; and from the language used we can reach no other conclusion than that the grantors in the instant case intended to convey one-half the oil and gas mineral rights in the lands described.

Plaintiffs in error further call attention to the fact that a bank is not permitted to acquire and hold real estate, but section 9120, O. S. 1931, provides that a bank may purchase, hold, and convey real estate if it is acquired in satisfaction of debts previously contracted in the course of its business. There was evidence showing that this interest was acquired as a partial payment on a note previously given to the bank, and that evidence is sufficient to refute the contention here made.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.