## TURLINGTON v. TURLINGTON.

No. 31150. Jan. 18, 1944.

*144 P. 2d 957.*

Geo. C. Crump and H. W. Carver, both of Wewoka, for plaintiff in error.

G. O. Wallace, W. W. Pryor, and Hugh M. Sandlin, all of Holdenville, for defendant in error.

PER CURIAM. This litigation had its inception in an action for divorce and division of property which was instituted in the superior court of Seminole county on September 11, 1935, by the plaintiff in error, hereinafter referred to as plaintiff, against the defendant in error, hereinafter referred to as defendant. The superior court denied a divorce and enjoined the plaintiff and defendant from disposing of any of their properties. Thereafter, on November 5, 1938, the plaintiff instituted in the district court of Seminole county an action against the defendant to obtain the same relief which he had theretofore sought and failed to receive in the superior court of said county. In the action so instituted in the district court, defendant by cross-petition sought a divorce from the plaintiff. Upon the trial of the cause the court granted defendant a divorce on her cross-petition on account of the fault and aggression of the plaintiff, and declined to render any judg-

ment relative to division of property of the parties for the reason that judgment of the superior court was res adjudicata thereof. The plaintiff appealed to this court and we affirmed the decree of divorce and reversed the cause for trial on the issue of property rights. See Turlington v. Turlington, 189 Okla. 352, 117 P. 2d 527.

When the cause was reinstated upon the docket of the trial court, the defendant amended her answer so as to allege that the property of which she was possessed was either that which had originally been her separate property or else that which had subsequently become such, and to further plead that during coverture the parties had made division of all jointly-acquired property as the same was acquired, and to have held their respective properties separately, and that for such reason the plaintiff was entitled to no part of the property owned by the defendant. Reply of plaintiff was a general denial. The action being one of purely equitable cognizance, trial thereof was had to the court.

The evidence adduced at the trial consisted principally of the testimony of the plaintiff and that of the defendant. The evidence so adduced was in conflict in a number of material respects, but discloses, substantially, the following facts: That plaintiff and defendant were the owners of separate properties when they intermarried; that shortly after the birth of twins to the parties they mutually agreed to conduct their financial operations independently of each other and to hold their property separate and apart from each other, and that to this end carried their own separate bank accounts and took title to various properties in their separate names over an extensive period of years; that plaintiff was a physician and had a highly lucrative practice, spent the money so acquired in a manner which was conducive to domestic discord and in investments which frequently proved to be very unwise; that defendant kept boarders and was frugal and thrifty and invested her money, both that which she had originally and that which she subsequently acquired in various ventures, most of which proved to be highly profitable, and that on numerous occasions defendant had given to the plaintiff large sums of money obtained from such investments and had frequently gone to the rescue of plaintiff when his debts were on the point of causing him serious embarrassment. The evidence further shows that about the time the plaintiff instituted the action for divorce and division of property in the superior court, the separate properties of the respective parties were approximately of equal value, the plaintiff having some land in Texas for which he paid $20,000, and other properties as well as his medical practice. The evidence is not clear as to the value of the property which plaintiff had at the time of the trial of the case at bar, but it shows that he still has a good medical practice and a farm, and that apparently it was of such value as to justify him in marrying again and assuming the responsibilities incident to such status. The evidence further shows that the defendant was possessed of considerable property, the value of which was approximately $30,000, and that defendant had the care of an invalid son of the plaintiff and herself and also of the invalid wife of said son.

The court was of the opinion that under all of the facts and circumstances so shown, plaintiff was not entitled to a further share of the property of the defendant, and rendered judgment in accordance with such findings. The plaintiff appeals and as ground for reversal of the judgment urges, in substance, that, irrespective of what his faults and shortcomings may have been, when the court granted the decree of divorce he was entitled to an equitable division of all of the property which had been jointly acquired during coverture, and that the judgment of the court to the contrary is clearly contrary to the weight of the evidence. In support of the contention so made, our attention is directed to 12 O. S. 1941 § 1278, and to the cases of Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825; Carter v. Carter, 181 Okla. 204,

73 P. 2d 404; Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556; Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684; Sango v. Sango, 105 Okla. 166, 232 P. 49; Tobin v. Tobin, 89 Okla. 12, 213 P. 884; Davis v. Davis, 61 Okla. 275, 161 P. 190.

Under 12 O. S. 1941 § 1278, the separate property of the wife may not be awarded to the husband in the event of a divorce in favor of the wife by reason of the fault of the husband. See Bruce v. Bruce, supra. As to jointly acquired property the rule is that a fair and equitable division thereof shall be made between the parties. Van Horn v. Van Horn; Hughes v. Hughes; Tobin v. Tobin; Chamberlain v. Chamberlain, supra. Such division, however, is not an arbitrary one but is rather one which the trial court has a wide discretion to make.

This court is committed to the rule that an action such as the one at bar is one of equitable cognizance. Gray v. Gray, 89 Okla. 237, 215 P. 208; Chamberlain v. Chamberlain, supra; Carter v. Carter, supra; Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786. The rule applicable in such situation is that this court will accord great weight to the findings of the trial court (Moorman v. Pettit, 119 Okla. 22, 248 P. 838), and the judgment will not be disturbed unless it appears to be clearly contrary to the weight of the evidence. Deister v. Higdon, 189 Okla. 605, 119 P. 2d 54; Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375; Carter v. Carter, supra.

We have carefully examined the record and are unable to say that the findings and judgment of the trial court are clearly contrary to the weight of the evidence.

Judgment affirmed.

GIBSON, V. C. J., and OSBORN; BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C. J., and RILEY and DAVISON, JJ., absent.