SPENCER v. SPENCER.

No. 32737.   Sept. 16, 1947.

*184 P. 2d 761.*

Melton McElroy & Vaughn, of Chickasha, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendant in error.

RILEY, J.   From a decree granting her a divorce at the fault of her husband and awarding a division of property, plaintiff in error, defendant below, has appealed, contending that under the pertinent provision of statute, 12 O.S. 1941 §1278, the trial court erred in awarding to defendant in error, plaintiff below, any part of the property involved.

When a divorce is granted by reason of the fault of a spouse, the other is entitled to restoration of all property acquired prior or subsequent to the marriage insofar as disposition of it has not been made. But as to property jointly acquired during coverture, irrespective of the spouse in whom legal title is

134

vested, the court shall make division of it between the parties as may appear just and reasonable. 12 O.S. 1941 §1278.

The property here involved consists of five vacant lots in the city of Chickasha, of a value not to exceed $750, and a residence with goods and furnishings, of value not to exceed $1,400.

Legal title to the residence was vested in Andrew Spencer in 1936, the time of its acquisition. Legal title to the vacant lots, acquired in 1942 and 1944, was vested in Viola Spencer.

On August 2, 1944, Andrew Spencer, by quitclaim deed, without recitation of consideration, vested in Viola Spencer legal title to the residence.

The parties were married in January, 1933, and continued as husband and wife until divorced in January, 1946.

The order and award sought to be vacated, decreed plaintiff in error to be owner of the residence. The vacant lots were awarded to defendant in error.

The issue involved is whether all the property at the time of divorce was individually owned by Viola Spencer or whether it in part was jointly acquired.

Determination of the issue is dependent upon the original source of all the property together with Andrew Spencer's intent and purpose in conveying to his wife legal title to the residence. That purpose is obscure. Plaintiff in error testified she paid Andrew a consideration at the time and that the purpose was a settlement of property rights in contemplation of divorce. Had the trial court found defendant's statement to be true and that the settlement made was fair and just, the result might be different. But plaintiff testified no consideration was paid; that his deed of conveyance was in view of his ill health and in contemplation of his subsequent hospitalization and the avoidance of a probation of his estate.

Defendant's assertion of her payment to plaintiff of a consideration for title conveyed to her, presupposes plaintiff's right and interest in the property conveyed. The inference is not dispelled by conflicting evidence as to the source of the purchase price or as to the value and cost of improvements. Wheeler v. Wheeler, 167 Okla. 598, 32 P. 2d 305; Tobin v. Tobin, 89 Okla. 12, 213 P. 884; Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012; Fiedler v. Fiedler, 42 Okla. 66, 147 P. 769; West v. West, 114 Okla. 279, 246 P. 599. But see Peters v. Peters, 172 Okla. 575, 46 P. 2d 478, and Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957, as to a nondivision of the wife's separate property or the allowance of alimony to the husband where divorce is granted the wife by reason of the husband's fault. Great weight will be accorded the findings of the trial court. Id.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, and LUTTRELL, JJ., concur.