CONNER et al. v. FRICKENSCHMIDT.

No. 34251. Sept. 25, 1951.

Rehearing Denied Oct. 23, 1951.

*236 P. 2d 674.*

E. C. Hopper, Eufaula, and Harry C. Kirkendall, Enid, for plaintiffs in error.

McKeever & McKeever, Enid, for defendant in error.

JOHNSON, J. The parties here will be referred to as they appeared in the trial court.

This is a suit by the plaintiff to quiet his title against the answering assignees and claimants of a royalty interest in certain premises in Garfield county, Oklahoma, to wit: NW¼ SW¼ and the N½ of the SW¼ of SW¼ and the SW¼ SW¼ SW¼ of Section 25-22N-4W, containing 70 acres, more or less.

It appears that on March 16, 1916, Fritz Frickenschmidt, Sr., plaintiff's predecessor in title, executed an oil and gas lease covering the above-described property to B. A. Garber for a term of five years or as long as oil or gas should be produced. This lease was assigned to the Sinclair Prairie Oil Company.

Thereafter, on the 28th day of August, 1916, Frickenschmidt executed a deed to L. F. Dievert, which deed conveyed to him an undivided one-half interest in the oil and gas in and under the property, which deed inter alia contained the two following paragraphs:

"Witnesseth: That whereas, the said first party is the owner in fee simple of the

"Southwest Quarter (SW¼) of Section Twenty-five (25), Town-

ship Twenty-two (22) N o r t h, Range Four (4) West I.M., Garfield County, Oklahoma,

not the homestead of the first party, and has leased the same for oil and gas to B. A. Garber, retaining for himself a one-eighth interest in the oil and gas in said land as his royalty under the terms of said lease.

"Now in consideration of the sum of Three Thousand Dollars in hand paid by the party of the Second Part to the Party of the First Part, the receipt of which is hereby acknowledged, the said party of the first part, for himself, his heirs and assigns does hereby sell, assign, transfer, grant, bargain and convey unto the said party of the second part, an undivided one-half interest in and to his right, title and interest in and to all of the one-eighth interest in the oil and gas in and under said premises which has been retained by said first party."

Thereafter, grantee, Dievert, conveyed all of his interest by two conveyances, one for nine-tenths of his interests and the other for his remaining one-tenth interest.

For 25 years the Sinclair Prairie Oil Company produced and still produces a small quantity of oil from a part of the lease, but on July 8, 1940, the company filed a partial release covering the property involved in this action.

Plaintiff contends that the mineral interests of defendants expired at the termination of the existing lease and that, under the terms of the mineral deed, the grant therein was for the term of the prior oil and gas lease, entitling grantee and his grantors only to an undivided one-half interest in the oil and gas produced under said lease.

To sustain this contention plaintiff cites and relies upon the following cases: Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377; Melton v. Sneed, 188 Okla. 388, 109 P. 2d 509; Rogers v. Johns, 40 Fed. 2d 333.

The facts are not in dispute.

The only matter to be determined is: Did the deed from Frickenschmidt to Dievert, through whom all the defendants claim their interests, convey mineral rights or an interest in the oil and gas running beyond the expiration of the original existing lease? If not, the grantees therein obtained no right to share in any oil or gas produced or to be produced unless the same was produced under the lease then in existence.

We are of the opinion that the contention that the mineral deed, which is a conveyance of royalty, terminated with the existing lease, is not well taken.

We think the conveyance of the undivided one-half interest in the oil and gas royalty rights was a conveyance of oil and gas rights rather than an interest in the oil and gas mineral lease in force at the time of the execution of the conveyance. Meyers v. Central National Bank of Okmulgee, 183 Okla. 231, 80 P. 2d 584. There, quoting from Rich v. Doneghey, 71 Okla. 204, 177 P. 86, 3 A.L.R. 352, in the opinion, we said:

" . . . The right of an owner of land as to the oil and gas beneath it is the proper subject of sale, and may be granted or reserved."

In the instant case the owner in the lease reserved one-eighth of the oil and gas and in his conveyance to Dievert he conveyed an undivided one-half interest in and to his reserved title and interest in the oil and gas in and under his land and his grantee, Dievert, as he was privileged to do, conveyed to others.

Thus, under the admitted facts in this case, the judgment is clearly against the weight of the evidence, and this being so, this court will set it aside and render such judgment as should have been rendered by the trial court. Burns v. Bastien, supra.

The cause is reversed, with directions to vacate the judgment, sustain the demurrers of the defendants, and dismiss the action.

CORN, GIBSON, DAVISON, and BINGAMAN, JJ., concur. WELCH and O'NEAL, JJ., dissent.