David **BARNETT**, Plaintiff–Appellant,

v.

Kelly **BARNETT**, Defendant–Appellee.

No. 84371.

Supreme Court of Oklahoma.

May 7, 1996.

As Corrected May 13, 1996.

. William W. Hood, Hood, Thornbrugh & Raynolds, Tulsa, for Appellant.

Ernie Bedford, Tulsa, for Appellee.

OPALA, Justice.

The issues pressed on certiorari are: [1] Is the trial court's disposition contrary to established principles of equity jurisprudence insofar as it refuses to recognize a marital debt for a 1992 Dodge Caravan? and [2] Is the Court of Appeals' disposition of other disputed issues clearly contrary to the weight of the evidence? We answer the first question in the affirmative and the second in the negative.

## I

## THE ANATOMY OF LITIGATION

David Barnett [husband] and Kelly Barnett [wife], who intermarried on July 4, 1992, were separated in mid-February of 1993. The husband filed for divorce three months later. No children were born of the union. The parties' marital bond was dissolved (by a December 1, 1993 order) and their property divided (by a later February 16, 1994 order).[1] The trial court (a) set aside to the parties their separate property,[2] (b) divided the marital estate and (c) ordered them to pay their own counsel fees. Its decree found that (a) $7,500 held in a joint checking account, which the husband gave to the wife after she left the marital home, was a "lump sum ... separate maintenance for ... [the wife's] needs during separation" and (b) a 1990 Honda was the wife's separate property. By its decree the court determined the value of certain items of jointly acquired property[3] and set them apart to the husband. These were: (a) a 1992 Dodge Caravan ($13,450); (b) the husband's pension contribution ($307); (c) furniture ($650); (d) shelves ($150) and (e) joint checking account of $7,500 (a total value of $22,057)—with a compensating payment awarded to the wife of one-half that amount ($11,028.50). Also awarded to the wife was a $3,400 payment to compensate her for certain items of personal property which had been "unreasonably disposed of" by the husband. The parties were ordered to pay their trial-related counsel fees and costs.

On the husband's new trial motion,[4] the nisi prius court modified the property-division award (a) by excluding from the marital

1. By operation of law, the decree in a divorce case is granted when the last divorce-related issue has been decided. While in this case matrimony was dissolved on December 1, 1993, the property-division and counsel-fee issues were not resolved until February 16, 1994. The decree is hence deemed to have been granted on February 16.

2. Separate property includes, *inter alia,* property owned by a spouse before the marriage, which retains its separate status during coverture because it is maintained as a spouse's individual property in an uncommingled state. *Thielenhaus v. Thielenhaus,* Okl., 890 P.2d 925, 930–931 (1995); *Mothershed v. Mothershed,* Okl., 701 P.2d 405, 408–411 (1985); *Templeton v. Templeton,* Okl., 656 P.2d 250, 252 (1983); *May v. May,* Okl., 596 P.2d 536, 539 (1979).

3. Jointly-acquired property is that which is accumulated by the joint efforts of the spouses during their marriage. *Thielenhaus, supra* note 2 at 930–931; *Williams v. Williams,* Okl., 428 P.2d 218, 222 (1967); *Longmire v. Longmire,* Okl., 376 P.2d 273, 275 (1962).

4. The husband's new trial motion was filed February 17, 1994, one day after the decree was granted by operation of law.

estate that was set aside to the husband the $7,500 held in a joint checking account, because that sum had already been given to the wife as her separate maintenance payment, and (b) by reducing the wife's monetary award by one-half that amount. The husband appealed.

The Court of Appeals affirmed the trial court's resolution of the disputed issues and denied the husband's appeal-related counsel-fee quest. We granted certiorari on the husband's petition and now, for the reasons to be explained, vacate in part the Court of Appeals' opinion, reverse in part the trial court's decree and remand the cause for further proceedings not inconsistent with this pronouncement.

## II

### THE TRIAL COURT'S REFUSAL TO RECOGNIZE A DEBT AS THE PARTIES' MARITAL OBLIGATION IS CONTRARY TO EQUITY JURISPRUDENCE

The husband and wife purchased a Dodge Caravan in July of 1992 and financed it for $13,000. In his pretrial financial declaration the husband listed the vehicle as joint property, assigning to it *no value* because, at that time, its worth did not exceed the debt against it. According to the husband, he paid off the debt during the pendency of the divorce proceedings, using for that purpose money acquired through a home equity loan against his separate property. The trial court included the Dodge Caravan in the

marital estate and set it aside to the husband at a value of $13,450, with compensation awarded to the wife of one-half that amount.

The husband's new trial motion urged that the decree erroneously failed to consider the $13,000 debt (against the Dodge Caravan) which was outstanding at the time of the parties' separation. The trial court rejected this argument, finding that (a) the "debt was paid off during the pendency of the action and no debt existed at the time of trial" and (b) the vehicle should be assessed at its full value of $13,000. Its dispositive order reaffirmed the award of the vehicle to the husband (at a $13,450 value) and the monetary compensation awarded to the wife for one-half that amount.

 Nisi prius rejection of the husband's plea that his satisfaction of a marital debt be considered in dividing spousal property clearly is *contrary to extant chancery jurisprudence.* Under the general principles of equity, one who discharges a common debt (or pays more than his share of it) has a claim for contribution. Co-obligors are required to contribute, either equally or equitably, toward the discharge of a common obligation.[5] A debt does not cease being a marital obligation, if one spouse pays it from separate funds,[6] unless that obligor is an *officious volunteer.*[7]

 If in an appeal from an equitable suit the record is sufficient, this court will render that decree which the chancellor should have entered.[8] Because the chancel-

---

**5.** *Warren v. Hunter,* Okl., 632 P.2d 418, 419 (1981) (when one parent supports a child and has a claim in law to joint support from the other parent, an equitable right of contribution arises against the nonpaying parent); *Brown v. Goldsmith,* Okl., 437 P.2d 247, 248 (1968); *Wilson v. Crutcher,* 176 Okl. 481, 56 P.2d 416, 417 (1936). *See also* Annot., Proportion of Obligation Enforceable by Way of Contribution Between Joint Obligors, 64 A.L.R. 213 (1929).

**6.** Marital debts are available as an offset against marital property if the obligations are identified and clearly supported by the evidence. *Teel v. Teel,* Okl., 766 P.2d 994, 998 (1988).

**7.** *Officious volunteers* are those who introduce themselves into matters which do not concern them and do something which they are neither

legally nor ethically bound to do or which is not in pursuance of affording protection to another's interest. *Gray v. Holman,* Okl., 909 P.2d 776, 779 n. 6 (1995); *Booker v. Sears Roebuck & Co.,* Okl., 785 P.2d 297, 310 n. 20 (1990); *Kelly v. Tyra,* 103 Minn. 176, 114 N.W. 750, 752 (1908). For other exceptions and qualifications to the general equity rule of contribution among co-obligors, see *Annot., supra* note 5.

**8.** Because the trial judge in this case rejected the notion that a marital obligation was in existence, he prevented a meaningful inquiry into its character. The record is hence not adequate for our entry of that decree which the trial judge should have entered. *Thielenhaus, supra* note 2 at 933; *Matter of Estate of Bartlett,* Okl., 680 P.2d 369, 374 (1984); *Carpenter v. Carpenter,* Okl., 645 P.2d 476, 480 (1982).

lor reached here the *facially incorrect conclusion* that no marital debt was in existence, he viewed *as irrelevant* the husband's plea for equitable contribution. We reverse the decree insofar as it refuses to recognize the debt as a marital obligation and awards to the wife a compensating payment of one-half the Dodge Caravan's value. On remand the trial court shall (a) conduct a full-scale *re-inquiry* into the marital debt in question and into the circumstances surrounding its satisfaction by the husband; (b) *clarify* the debt status as a conjugal obligation and *determine* how each spouse shall bear the responsibility for its burden; and (c) *assess* that responsibility's impact on the *equitable* division of spousal property and on the *fair* allocation of other marital liabilities to be paid, with a view to re-adjusting, if necessary, the equities to be balanced.

### III

### THE CHANCELLOR'S FACTUAL RESOLUTION OF THE REMAINING ISSUES IS NOT CLEARLY CONTRARY TO THE WEIGHT OF THE EVIDENCE

The husband re-urges error in the trial court's award to the wife of (a) the 1990 Honda, (b) the $7,500 separate maintenance payment, and (c) compensation of $3,400 for the "unreasonable" disposition of the wife's separate property.

▉▉▉▉ A divorce suit is one of equitable cognizance and the trial court has discretion-

ary power to divide the marital estate.[9] The reviewing court will not disturb the division absent some abuse of discretion[10] or a finding that the nisi prius decision is clearly contrary to the weight of the evidence.[11]

Because we find that the trial court's ruling on these disputed fact issues is not clearly contrary to the weight of the evidence, we must leave undisturbed those challenged portions of the Court of Appeals' affirmance.

### IV

### THE HUSBAND'S COUNSEL-FEE QUEST

The Court of Appeals affirmed the trial court's refusal to award (to the husband) trial-related counsel fee and costs and denied his motion for *appeal-related* fee. The husband's petition for certiorari presses no error in this Court of Appeals' disposition.

▉▉▉▉ Issues preserved on appeal and decided by the appellate court, which are later omitted from the petition for certiorari, will not be considered by this court.[12] The husband's plea for trial- and appeal-related counsel fee is now clearly barred from our consideration by the settled-law-of-the-case doctrine.[13]

▉▉▉▉ Whether the husband (or wife) should be awarded a *certiorari* -related counsel fee is properly before us. In statutorily authorized litigation, counsel fees on appeal, much like taxable costs, may be allowed in the case in which the services were per-

---

**9.** *Teel, supra* note 6 at 998; *Johnson v. Johnson,* Okl., 674 P.2d 539, 544 (1983); *Carpenter v. Carpenter,* Okl., 657 P.2d 646, 651 (1983); *Peters v. Peters,* Okl., 539 P.2d 26, 27 (1975); *West v. West,* Okl., 268 P.2d 250, 253 (1954).

**10.** *Kiddie v. Kiddie,* Okl., 563 P.2d 139, 140–141 (1977); *Carpenter, supra* note 9 at 651; *Reed v. Reed,* Okl., 456 P.2d 529, 533 (1969).

**11.** *Johnson, supra* note 9 at 544; and *Carpenter, supra* note 9 at 652; *Tigert v. Tigert,* Okl.App., 595 P.2d 815, 821 (1979), citing *Meyers v. Central Nat. Bank of Okmulgee,* 183 Okl. 231, 80 P.2d 584 (1938) (syl. 2).

**12.** *Hough v. Leonard,* Okl., 867 P.2d 438, 445 (1993).

**13.** The settled-law-of-the-case doctrine operates to bar relitigation of issues which are finally settled by an appellate opinion or those that the aggrieved party has failed timely to raise in the course of appellate contest. *Jackson v. Jones,* Okl., 907 P.2d 1067, 1074 n. 37 (1995); *North Side State Bank v. County Com'rs,* Okl., 894 P.2d 1046, 1049 (1995); *Morrow Dev. v. American Bank and Trust,* Okl., 875 P.2d 411, 413 (1994); *Panama Processes v. Cities Service Co.,* Okl., 796 P.2d 276, 283 n. 27 (1990); *Willis v. Nowata Land and Cattle Co.,* Okl., 789 P.2d 1282, 1285 n. 10 (1990); *Reeves v. Agee,* Okl., 769 P.2d 745, 756 n. 46 (1989); *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 592 (1986); *Mullins v. Ward,* Okl., 712 P.2d 55, 61 n. 13 (1985); *Mobbs v. City of Lehigh,* Okl., 655 P.2d 547, 549 n. 5 (1982).

formed.[14] The terms of 43 O.S.Supp.1992 § 110 provide that either spouse may be required to pay "reasonable expenses of the other as may be just and proper under the circumstances."[15] Counsel-fee allowances claimed in matrimonial disputes under § 110 *never depend on one's status as prevailing party in the case.* Nonetheless, they may be granted to that litigant who qualifies for the added benefit by the statute-mandated process of judicial balancing of the equities.[16] Apart from this principle, a counsel-fee award is an appellee's due when the appeal is found to be "without merit".[17] This appeal is neither frivolous nor lacking merit.

■ Based on our review of the record, there are no compelling or overriding equitable considerations in favor of either litigant. We hence hold that each party shall bear its own counsel-fee and other litigation expenses incurred in the certiorari process. The trial court is not precluded from entertaining pleas for a counsel-fee award and for litigation expenses that will be connected with legal services to be rendered and expenses to be incurred in the proceedings upon remand.[18] Pleas for these liability items should be brought *after conclusion* of the post-remand evidentiary process.

## SUMMARY

The trial court's conclusion that the claimed spousal debt for the Dodge Caravan was "not in existence" is a facial misstatement of the governing equitable principle that allows contribution among co-obligors. We leave undisturbed the Court of Appeals' resolution of all other disputed issues. The

husband's trial- and appeal-related counsel-fee quest is now barred (by the settled law of the case) upon his failure to re-urge the issue on certiorari. Each party shall bear its own counsel-fee and other litigation expenses incurred in the certiorari process. The proceedings to be conducted on remand shall stand confined to the single issue of ascertaining whether the husband has a claim for equitable contribution (upon his satisfaction from separate funds of the joint liability for the Dodge Caravan vehicle) and, if so, to the extent it should be considered in dividing the property and allocating joint (spousal) liabilities. All other provisions in the trial court's decree stand undisturbed.

On certiorari previously granted upon the husband's petition, THE COURT OF APPEALS' OPINION IS VACATED ONLY INSOFAR AS IT REFUSES TO RECOGNIZE THE DISPUTED MARITAL DEBT; THE DIVORCE DECREE IS REVERSED ONLY INSOFAR AS IT REFUSES TO HOLD THE DISPUTED DEBT, PAID BY ONE SPOUSE FROM HIS SEPARATE FUNDS, AS A MARITAL OBLIGATION TO BE CONSIDERED FOR LIABILITY ALLOCATION BETWEEN THE SPOUSES; AND ON REMAND THE TRIAL COURT SHALL CONDUCT A FULL-SCALE *RE-INQUIRY* INTO THE MARITAL DEBT IN QUESTION AND INTO THE CIRCUMSTANCES SURROUNDING ITS SATISFACTION BY THE HUSBAND; *CLARIFY* THE DEBT STATUS AS A CONJUGAL OBLIGATION AND *DETERMINE* HOW EACH SPOUSE SHALL BEAR THE RESPONSIBILITY FOR ITS BURDEN; *AND ASSESS* THAT RESPON-

14. The terms of 43 O.S.Supp.1992 § 110 provide in pertinent part:

 "* * * C. Upon granting a decree of divorce or separate maintenance, the court may require *either party to pay such reasonable expenses* of the other as may be just and proper under the circumstances.
 D. The court may · in its discretion make additional orders relative to the expenses of any such subsequent actions ... brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party or their respective attorneys." (Emphasis supplied.)

15. For the pertinent terms of 43 O.S.Supp.1992 § 110, see *supra* note 14.

16. *Stork v. Stork,* Okl., 898 P.2d 732, 739–740 (1995); *Thielenhaus, supra* note 2 at 935; *Harmon v. Harmon,* Okl., 770 P.2d 1, 4 (1988); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 727 (1986); *Carpenter v. Carpenter,* Okl., 657 P.2d 646, 653 (1983); *Gardner v. Gardner,* Okl. App., 629 P.2d 1283, 1286–1288 (1981); *Phillips v. Phillips,* Okl., 556 P.2d 607, 610 (1976).

17. 20 O.S.1991 § 15.1; *TRW/Reda Pump v. Brewington,* Okl., 829 P.2d 15, 20–22 (1992).

18. *Thielenhaus, supra* note 2 at 935.

SIBILITY'S IMPACT ON THE *EQUITABLE* DIVISION OF SPOUSAL PROPERTY AND ON THE *FAIR* ALLOCATION OF OTHER MARITAL LIABILITIES TO BE PAID, WITH A VIEW TO READJUSTING, IF NECESSARY, THE EQUITIES TO BE BALANCED IN A MANNER CONSISTENT WITH TODAY'S PRONOUNCEMENT.

WILSON, C.J., and HODGES, LAVENDER, SIMMS, OPALA and SUMMERS, JJ., concur.

KAUGER, V.C.J., concurs in part and dissents in part.

HARGRAVE, J., dissents.