**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

SUNSET SALES, INC., doing
business as K&R Coal Company,
doing business as Sans Bois Coal
Company,

       Debtor.

---

DAVID PAYNE, Trustee,

       Plaintiff,

v.

CLARENDON NATIONAL
INSURANCE COMPANY;
U.S. CAPITAL INSURANCE,
COMPANY; VAN AMERICAN
INSURANCE CO., INC.,

       Defendants-Third-Party
       Plaintiffs-Appellants,

v.

DELTA CONTRACTING INC.;
ROGER DAHLGREN,

       Third-Party-Defendants,

    and

No. 97-6430
(D.C. No. CIV-95-1033-T)
(W.D. Okla.)

FIRST NATIONAL BANK OF
EDMOND,

       Third-Party
       Defendant-Appellee.

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case arises out of the efforts of the liquidating trustee in the Chapter 11 bankruptcy proceedings of Sunset Sales, Inc. to avoid as preferential transfers various payments made to Clarendon National Insurance Co., U.S. Capital Insurance Co., and Van-American Insurance Co. (collectively, "the Bonding Companies") by Sunset Sales' predecessor in interest, K&R Coal Co.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Bonding Companies filed a third-party complaint against First National Bank of Edmond ("FNB") and two other parties, alleging claims for indemnity and contribution. At the behest of one of the third-party defendants, the referral to the bankruptcy court was withdrawn and the case was transferred back to the district court. FNB moved for summary judgment on the Bonding Companies' third-party claims, and the district court entered judgment for FNB. Having obtained a certification from the district court that the summary judgment for FNB was final and appealable under Fed. R. Civ. P. 54(b), the Bonding Companies now appeal the denial of their claims for contribution.[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

The Bonding Companies are in the business of providing reclamation performance bonds to coal mining operations for the benefit of state and federal governments. Clarendon issues bonds on nonfederal leases, U.S. Capital issues bonds on federal leases, and their servicing agent is Van-American. In April 1991, K&R Coal Co., an Oklahoma corporation engaged in coal mining, asked the Bonding Companies to provide reclamation performance bonds for K&R's ongoing operations.

---

[1] The Bonding Companies do not challenge the district court's ruling on their claims for indemnification, so we deem that matter waived on appeal. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

The Bonding Companies agreed to provide the necessary bonds, for which they would receive annual premiums, as well as collateral payments. In May 1991, K&R Coal and a subsidiary, as principals, entered into a general indemnity contract with Clarendon, and thereafter Clarendon issued five bonds on behalf of the principals. In October 1991, K&R Coal, its subsidiary and another affiliate, as principals, entered into a similar indemnity agreement with U.S. Capital, and thereafter U.S. Capital issued eleven bonds on behalf of the principals. No payments were made on any of the bonds until January 1992. Between January and September 1992, K&R Coal made payments totaling $146,282. On October 9, 1992, K&R Coal, its subsidiary, and two affiliates merged and Sunset Sales, Inc. became the surviving corporation. Five days later, Sunset Sales filed a Chapter 11 petition in bankruptcy. The liquidating trustee subsequently filed an adversary proceeding seeking to avoid the payments to the Bonding Companies as preferential transfers under 11 U.S.C. § 547(b).

At issue in this appeal are three of the transfers, which were made to the Bonding Companies via letters of credit. K&R Coal requested that FNB issue each of the letters of credit to Van-American to pay past-due premiums and/or collateral owed on either the Clarendon or the U.S. Capital bonds. In exchange, K&R Coal executed a promissory note to FNB for the face amount of each letter of credit, the payment of which it secured with certificates of deposit. After

-4-

Sunset Sales filed bankruptcy, Van-American called the three letters of credit. With the permission of the bankruptcy court, FNB paid the letters of credit and then foreclosed on the certificates of deposit securing them. The Bonding Companies contend that, if the trustee can avoid as preferential the transfers involving the letters of credit, then FNB should contribute all or part of the money that the trustee recovers from the Bonding Companies. [2]

Under Oklahoma law, "one who discharges a common debt (or pays more than his share of it) has a claim for contribution. Co-obligors are required to contribute, either equally or equitably, toward the discharge of a common obligation." *Barnett v. Barnett*, 917 P.2d 473, 476 (Okla. 1996). The Bonding Companies contend that they share a common debt with FNB because both of them may be liable to the trustee for the preferential transfers arising out of the letters of credit. They argue that, once the trustee establishes the transfers are preferential and avoidable, he can recover the amount of the transfers from either FNB, the initial transferee, or the Bonding Companies, the entities for whose benefit the transfers were made. *See* 11 U.S.C. § 550(a)(1). Therefore, the Bonding Companies reason, because the trustee decided to recover the transfers

---

[2]     In a related opinion issued this date, we affirm the bankruptcy court's judgment in favor of the trustee in his action to avoid as preferential the transfers to the Bonding Companies. *See Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, No. 98-6276 (10th Cir. Oct. 26, 1999).

-5-

solely from the Bonding Companies, they have a claim for equitable contribution from FNB.

The Bonding Companies' theory, however, contains one essential flaw: FNB is not liable to the trustee for the preferential transfers made in connection with the letters of credit, because it has a defense to avoidance under 11 U.S.C. § 547(c)(1). Section 547(c)(1) provides that the trustee may not avoid an otherwise avoidable preferential transfer "to the extent that such transfer was-- (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange." The Bankruptcy Code defines "new value" as, among other things, "money or money's worth in goods, services, or new credit." 11 U.S.C. § 547(a)(2).

When a letter of credit is issued to pay off an antecedent debt owed a creditor, such as the Bonding Companies, the creditor does not give new value for the letters of credit issued for its benefit. *See Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.)*, 831 F.2d 586, 590 (5th Cir. 1987). The bank, however, does give new value for the increased security interest it receives in the debtor's property: it issues the letter of credit. *See id.* Therefore, the bank is "protected from a preference attack by the trustee for the increased security interest transfer . . . under 11 U.S.C. § 547(c)(1) because it gave new value."

*Id.* at 591.  "The bank is also protected from any claims of reimbursement by [the creditor] because the bank received no voidable preference."     *Id.*

The preferential transfers involving the letters of credit here are avoidable only as against the Bonding Companies, not as against FNB.  Therefore, the Bonding Companies have no claim for equitable contribution from FNB, and the district court properly entered summary judgment against them.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


                                        Entered for the Court


                                        Bobby R. Baldock
                                        Circuit Judge