2006 OK CIV APP 10

## In re MARRIAGE OF NEUNDORF.

**Ramona Neundorf, Petitioner/Appellee,**

v.

**Alton J. Neundorf, Jr., Respondent/Appellant.**

**No. 100,736.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 21, 2005.

Brian N. Lovell, Crowley, Martin & Lovell, Enid, OK, for Appellant.

Roger L. Johnston, Enid, OK, for Appellee.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Respondent/Appellant Alton J. Neundorf, Jr. (Husband) seeks review of the trial court's order denying his motion to reconsider after the trial court awarded alimony in lieu of property division to Petitioner/Appellee Ramona Neundorf (Wife). In this appeal, Husband challenges the trial court's award as contrary to the express terms of parties' antenuptial agreement. Having reviewed the record, however, we discern no error. The order of the trial court is consequently affirmed.

¶ 2 On or about January 26, 1984, Husband and Wife, both previously married and possessed of substantial separate assets and property, executed an antenuptial agreement in contemplation of their marriage. The agreement provided in pertinent part:

The parties intend and desire that all property owned respectively by each of them at the time of their marriage, and all property that may be acquired by each of them from any source during the marriage, shall be respectively their separate property, except as otherwise provided herein.

Two days later on January 28, 1984, Husband and Wife married.

¶ 3 During the marriage, Husband and Wife each acquired separate property by inheritance. Also during the marriage, the parties acquired three farms, to which Wife contributed most of the purchase money from her separate assets. Wife also contributed some $230,000.00 of her separate money to purchase farm equipment and machinery.

¶ 4 Wife commenced the instant action for divorce in June 2002. Prior to trial, the parties apparently agreed to a division of their properties, separate and joint, including the award of one of the farms to Wife, and the award of the farm machinery, equipment and other two farms to Husband. Consequently, according to Wife in her responsive appellate brief, "the only issue remaining for the Court to determine was *how much* cash settlement should be awarded to" her. (Emphasis original.)

¶ 5 Wife testified and adduced evidence that she contributed over $342,000.00 of her separate money to the purchase of the three farms, and that Husband contributed only slightly over $38,000.00 of his separate money to the purchases.[1] Wife also adduced evidence concerning the present value of the three farms, particularly, the decreased value of the farm the parties agreed should be awarded to Wife, and the increased value of the two farms the parties agreed should be awarded to Husband. Wife further testified and adduced evidence that she contributed another $230,000.00 of her separate money to the purchase of farm machinery and equipment, all of which, the parties had agreed, should be awarded to Husband.

¶ 6 Wife testified the parties had treated Wife's contribution of $194,000.00 toward purchase of one of the farms as a loan, and that Husband still owed her about $41,000.00 on that transaction. Husband conceded he still owed Wife over $50,000.00 on this "loan."

¶ 7 On consideration of the evidence and testimony, the trial court entered an order dividing the real property and machinery as the parties had agreed. The trial court also awarded Wife a "property division alimony judgment in the amount of $155,000.00," secured by a lien on the property awarded to Husband, "because of the various contributions of money by [Wife] towards the farming and ranching operations during the marriage."

¶ 8 Within ten days of the filing of the Divorce Decree/Journal Entry of Judgment, Husband filed a Motion for Reconsideration, challenging the trial court's award of alimony in lieu of property division as contrary to the express terms of the antenuptial agreement granting to each party their separate property, whether acquired before or during the marriage. The trial court denied the motion to reconsider.

¶ 9 Husband appeals, arguing that the parties' antenuptial agreement is valid and enforceable, and that the trial court's award of alimony in lieu of property division runs contrary to the express terms of the antenuptial agreement. As to the real property, Husband asserts that, because the parties agreed that each would retain their separate property whether acquired before or during the marriage, and because the parties agreed to a division of the three farms, the value of the three farms, or the extent of Wife's contribution of her separate money to the purchase of the farms, is irrelevant, and the most he

---

1. The evidence showed that, in September 1985, the parties acquired the "Enfield Farm" by Warranty Deed to them as joint tenants with right of survivorship, and that Wife contributed all of the $194,000.00 purchase money from her separate assets. The evidence also showed that in October 1988, the parties acquired the "Wehrenberg Farm" by Sheriff's Deed to them as joint tenants; of the purchase price of $56,500.00, Wife contributed $50,850.00 of her separate money, and Husband contributed $5,650.00. The evidence further showed that in May 1991, the parties acquired the "DeVore Farm" by Co–Executors' Deed to "Alton J. Neundorf, Jr. And Ramona Neundorf"; of the $130,000.00 purchase price, Wife contributed $97,500.00 of her separate money and Husband contributed $32,500.00 of his.

owes Wife is the unpaid balance on her purchase money loan on one of the farms the parties agreed should be awarded to him, i.e., his "separate property." As to the farm equipment and machinery, Husband argues that, because the parties agreed each would retain their respective separate property from whatever source, and because all of the equipment was acquired in his name alone, the source of the purchase money is irrelevant, and Wife is not entitled to a share of her contribution to the purchase of his "separate" farming equipment.

¶ 10 Wife responds, first arguing that, after the parties agreed to a division of the real property and machinery, the sole issue tendered for determination to the trial court was the extent of a "cash settlement" to be paid by Husband to Wife in adjustment for the agreed-to division of property. Wife secondly argues that (1) the intent of the parties controls the construction of the antenuptial agreement; (2) the parties intended merely to keep their separate assets separate, and (3) to construe the agreement as evincing the parties' intent that Husband should keep all or most of the real property and farm machinery purchased with Wife's separate funds without a compensating award of alimony in lieu of property division is absurd and unreasonable. See, 15 O.S. §§ 152, 154, 156.

■ ¶ 11 Antenuptial contracts are favored in the law. *Griffin v. Griffin*, 2004 OK CIV APP 58, ¶ 17, 94 P.3d 96, 100; *Matter of Estate of Burgess*, 1982 OK CIV APP 22, ¶ 8, 646 P.2d 623, 625. Unless affected by fraud, duress, coercion, overreaching, or the like, an antenuptial agreement will be enforced according to its terms. *Griffin*, 2004 OK CIV APP 58, ¶ 13, 94 P.3d at 100; *Burgess*, 1982 OK CIV APP 22, ¶ 17, 646 P.2d at 626; *Talley v. Harris*, 1947 OK 218, ¶ 0(1), 182 P.2d 765. "As in other contract cases, the object is to follow the intent of the parties." *Burgess*, 1982 OK CIV APP 22, ¶ 16, 646 P.2d at 626; *Hoefer v. Probasco*, 1921 OK 73, ¶¶ 0(1), 8, 196 P. 138, 139. For the following reasons, we hold the order of the trial court should be affirmed.

■ ¶ 12 First, the parties entered an antenuptial agreement in contemplation of marriage, providing that "all property owned respectively by each of them at the time of their marriage, and all property that may be acquired by each of them from any source during the marriage, shall be respectively their separate property." We have no transcript of the proceedings in order to review the testimony concerning the parties' intent, but we presume the trial court's order is supported by the evidence. *See, Matter of Adoption of Baby Boy W.*, 1992 OK 58, ¶ 14, 831 P.2d 643, 646.[2]

¶ 13 Second, we agree with Wife that Husband's interpretation of the "any source" language of the "separate property" provision is unreasonable and runs contrary to the Oklahoma law of "separate property," holding property acquired with separate funds generally retains its separate character. *See, Mothershed v. Mothershed*, 1985 OK 23, ¶ 13, 701 P.2d 405, 408; *May v. May*, 1979 OK 82, ¶¶ 6–7, 596 P.2d 536, 539; *Longmire v. Longmire*, 1962 OK 219, ¶ 9, 376 P.2d 273, 275. Pursuant to the "separate property" law of this state, Wife would be entitled to not only trace the investment of her separate funds to the purchase of the real property and farm machinery, but also an award of the real property and farm machinery as the fruit of the investment of her separate funds. Absent evidence of the parties' intent to give the term, "separate property," otherwise than its ordinary meaning, we will not ascribe a meaning which will divest Wife of a share of her separate funds invested in the real property and farm machinery awarded to Husband as the parties' agreed.

¶ 14 We therefore hold the trial court did not err in awarding Wife alimony in lieu of property division. The order of the trial court is AFFIRMED.

BUETTNER, C.J., and HANSEN, J., concur.

---

2. Where "[t]he entire trial transcript has not been made a part of the appellate record in this case[,][and][t]he only part of the transcript tendered is the judge's pronouncement from the bench of his ruling[,] . . . it must be assumed that the facts underlying the trial court's judgment were proven."