H. Earl **SHRIVER, Women's Clinic of Oklahoma City, Inc., and Dennis Roberts, d/b/a Aquarian Gardens, an Oklahoma general partnership, Appellees,**

v.

James **DOLPH d/b/a C & D Plumbing, Defendant,**

and

Travelers **Indemnity Company, Appellant.**

No. 50025.

Supreme Court of Oklahoma.

May 9, 1978.

Rehearing Denied July 5, 1978.

Dennis C. Roberts, Dennis C. Roberts, Inc., Oklahoma City, for appellees.

**146**

James M. Robinson, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellant.

LAVENDER, Vice Chief Justice.

Builders of an apartment complex[1] brought action to recover damages against plumbing company, James Dolph doing business as C & D Plumbing (judgment debtor),[2] for defective plumbing on the apartment construction project. After notice to the plumbing company's insurer, default judgment was entered for the builders and against the plumbing company. Thereafter, builders brought garnishment proceedings against the judgment debtor's insurer, The Travelers Indemnity Company (garnishee). Garnishee's answer was placed at issue. On hearing, garnishee contended (1) no coverage under the insurance contract by reason of a "completed operation clause," and (2) insured and judgment debtor were not the same entity. Trial court found coverage, but refused garnishment on the identity issue. Garnishee appealed as to the finding of coverage but not the judgment. That appeal was subsequently and correctly dismissed by the Court of Appeals as not proper. Prior to that dismissal, builders sought a second garnishment against the insurer. On the second garnishment answer being placed at issue and under date of February 25, 1975, trial court held its October 19, 1974, judgment was final, for only the coverage finding was appealed. This final judgment included the issue of identity and was controlling. March 13, 1975, builders filed a motion for new trial based on newly discovered evi-dence as to the identity issue. On July 10, 1976, motion for new trial was sustained and on July 25, 1976, a new trial was held over the objections of the garnishee. Garnishment judgment was then entered against insurer under the first garnishment procedure. Garnishee appealed.

Court of Appeals opinion refused to review the appealed issue as to error in granting the new trial, for it was not appealed at the time of granting and had been allowed to become final. We cannot agree.

■ 12 O.S.1971, § 952 provides in part:

"(b) The Supreme Court may reverse, vacate or modify any of the following orders of the District Court, or a judge thereof:

"1. A final order;

"2. An order that * * * grants * * * a new trial;

"3. * * *

"The failure of a party to appeal from an order that is appealable under * * subdivision 2 * * * (b) of this section shall not preclude him from asserting error in the order after the judgment or final order is rendered."

Rules of Civil Appellate Procedure, 12 Okl. St.Ann. Ch. 15—App. 2, makes an order granting a new trial, including that based on newly discovered evidence, an interlocutory order. Rule 1.40(c).[3] That interlocutory order is directly appealable, or after final judgment or order. Sec. 952(b), Rule 1.17(b).[4]

Here, the garnishee had the option of appealing the new trial order direct or after

---

1. H. Earl Shriver, Women's Clinic of Oklahoma City, Inc. and Dennis C. Roberts, Partners, d/b/a Aquarian Gardens, an Oklahoma General Partnership were the plaintiffs in the trial court and the appellees in this appeal. In this opinion, they are referred to as "builders."

2. The original defendant in the trial court and against whom a default judgment was entered is not a party to this appeal.

3. Rule 1.40(c) reads:

"Orders granting new trial or vacating judgment are interlocutory. An order granting a new trial or vacating a judgment based on any ground, including that of newly discovered evi-dence or the impossibility of making a record (12 O.S.Supp.1969, Sec. 655) is an interlocutory order."

4. Rule 1.17(b) reads, in part:

"Effect of failure to appeal from an interlocutory order on appeal from final judgment. Failure of a party to appeal from any interlocutory order that is appealable either under the provisions of 12 O.S.Supp.1969, Sec. 952 Subdivs. (b) * * * shall not preclude it from asserting errors in that interlocutory order in an appeal taken from the final judgment or final order rendered in the case."

final judgment. Garnishee chose after final judgment. Garnishee was not precluded from asserting error in that order on this appeal.

Garnishee argues error in granting the new trial, for not being in compliance with 12 O.S.1971, § 655. That section requires application for a new trial to be by petition and service similar to the beginning of a civil action where ground for a new trial is discovered more than ten days after the decision.

In present case, builders' motion for new trial, directed at the October 17, 1974, judgment was filed March 13, 1975, almost five months after judgment. No effort was made to comply with § 655. Nor do builders make such a contention on appeal.

The motion for new trial filed March 13, 1975, was based on newly discovered evidence contained in two supporting affidavits by attorneys. The affidavit of one attorney under date of March 10, 1975, contains the exact information and language found in his like affidavit of October 22, 1975, filed in the trial court on October 23, 1974, with no supporting pleading. The trial court in sustaining the motion for new trial on July 10, 1975, sought to relate back the motion for a new trial to October 29, 1974, when the second garnishment affidavit and proceeding were commenced. Neither the affidavit of October 22, 1974, nor the second garnishment proceeding commenced October 29, 1974, contained any language or characteristics of an application for a new trial.

▆ Generally, motion for new trial must be filed within ten days after decision is rendered. 12 O.S.1971, § 653; *Mapco, Inc. v. Means,* Okl., 538 P.2d 593 (1975). Section 655 allows application for new trial by petition and summons on discovery of grounds after the ten days, but petition must be filed within thirty days after discovery. Here, § 655 procedure was not followed. Alleged newly discovered evidence was known as early as October 23, 1974. The motion for new trial filed March 13, 1975, was not timely. There is no authority for considering a garnishment proceeding as an application for new trial.

▆ In *Southern Mut. Life Ins. Co. v. Williams,* 135 Okl. 239, 275 P. 343 (1929) the trial court was held without authority to direct the court clerk by order nunc pro tunc to antedate the filing of the motion for new trial so as to show filing within time. In present case, the trial court was without authority to relate back the untimely motion for new trial of March 13, 1975, to October 29, 1974. Granting a new trial was error, for there was no application for a new trial properly before the trial court. The trial court's judgment of October 17, 1974, in favor of the garnishee in not allowing garnishment on the insurance policy must stand.

We need not consider the coverage issue under the policy to dispose of this appeal.

DECISION OF THE COURT OF APPEALS VACATED; TRIAL COURT REVERSED.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.