1998 OK 126

**AIRCRAFT EQUIPMENT COMPANY,**
Appellee/Cross Appellant,

v.

**The KIOWA TRIBE OF OKLAHOMA,**
Appellant/Cross Appellee,

Watson Management Group, Inc.; Koch Oil Company, a division of Koch Industries, Inc.; Aquila Energy Corporation, Kerr McGee Refining Corporation, Oryx Energy Corporation, Plains Liquids Transport, Inc., Sun Company, Inc. (R & M), Associated Natural Gas, Inc., Associated Transport and Trading Company, Senex Pipe Line Company, and Hamon Operating Company, Appellees.

No. 86,184.

Supreme Court of Oklahoma.

Dec. 22, 1998.

William J. Robinson, Oklahoma City, Oklahoma, for appellee and cross-appellant, Aircraft Equipment Company.

Sheila D. Tims, R. Brown Wallace, Oklahoma City, Oklahoma, for appellant, The Kiowa Tribe of Oklahoma.

Janis Preslar, Oklahoma City, Oklahoma, for appellees, Aquila Energy Corporation, The Home–Stake Royalty Corp., Sun Co., Inc. (R & M), and Associated Natural Gas, Inc., Associated Transport & Trading Co.

Jonathan E. Miller, Oklahoma City, Oklahoma, for appellee, Kerr–McGee Corp.

Dwight W. Birdwell, Ronald J. Pool, Oklahoma City, Oklahoma, for appellee, Plains Liquids Transport, Inc.

SUMMERS, V.C.J.

¶ 1 This Court issued an opinion in this case on May 6, 1997. By that opinion the Court affirmed a judgment of the District Court of Oklahoma County in favor of Aircraft Equipment Company on its petition for a creditor's bill to satisfy an earlier—affirmed money judgment against the Kiowa Tribe. *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 1997 OK 62, 939 P.2d 1143. The Tribe sought certiorari.

¶ 2 On June 8, 1998 the Clerk of the Supreme Court of the United States mailed to the Clerk of this Court a file-stamped copy of the following order:

> The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the Supreme Court of Oklahoma for further consideration in light of *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751 [118 S.Ct. 1700, 140 L.Ed.2d 981] (1998).

Upon reconsideration we overrule our earlier opinion and remand to the trial court.

¶ 3 The present case arose out of a post-judgment action in state court, initiated by Aircraft Equipment Company to satisfy a money judgment against the Kiowa Tribe for default on a note. The first action, in which Aircraft obtained a money judgment, had earlier been affirmed by this Court. *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 921 P.2d 359 (Okla.1996) (hereinafter *Aircraft I*). Then Aircraft brought this second action seeking equitable relief in the form of a creditor's bill, in order to satisfy the money judgment, which this Court affirmed in its opinion referred to in the opening paragraph above (hereinafter *Aircraft II*). It is this second action that is before us now on remand from the United States Supreme Court.

¶ 4 In *Aircraft II*, 939 P.2d at 1145, the Tribe asked that the money judgment and the creditor's relief be reversed on the basis of tribal sovereign immunity. But this Court noted that the money judgment had already been affirmed, and reasoned that a state court which has authority to render a judgment also has the authority to enforce the judgment. *Id.* at 1148.

¶ 5 After the opinion in *Aircraft II* the United States Supreme Court decided *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998), revisiting the concept of Indian tribal immunity from suit. There, the High Court held that "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Id.* at 1702. The Court further noted that thus far, no distinction has been drawn as to whether the activity is commercial or governmental. *Id.* Although the Court noted certain circumstances in which a state may apply its substantive law, the Court concluded that this does not always include the right to enforce a judgment:

> In *Potawatomi* [*Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)], for example, we reaffirmed that while Oklahoma may tax cigarette sales by a Tribe's store to nonmembers, the Tribe enjoys immunity from a suit to collect unpaid state taxes. There is a difference between the right to demand compliance with state laws and the means available to enforce them.

*Id.* at 1702 (citations omitted). The reason for this is because "tribal immunity is a matter of federal law and is not subject to diminution by the States." *Id.* at 1702. Enforcement of such a judgment could result in the state's diminution of tribal immunity.

¶ 6 This recent Supreme Court decision dictates that this Court's opinion in *Aircraft II* be overruled. We so hold. The U.S. Supreme Court has vacated the judgment of the District Court. On remand from the U.S. Supreme Court we in turn remand the cause to the District Court of Oklahoma County with instructions to enter judgment for the Tribe on Aircraft Equipment Company's petition for a creditor's bill.

¶ 7 KAUGER, C.J., SUMMERS, V.C.J., LAVENDER, SIMMS, JJ.—concur.

¶ 8 HODGES, J., concurs in deference to mandate of *Kiowa Tribe v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998).

¶ 9 WATT, J.—concurs by reason of stare decisis.

¶ 10 HARGRAVE, J.—concurs in result.

¶ 11 WILSON, J.—dissents and is joined by OPALA, J.

ALMA WILSON, J., with whom OPALA, J., joins, dissenting:

¶1 Remand of this cause to the district court for entry of judgment in favor of The Kiowa Tribe of Oklahoma is inappropriate and premature. Accordingly, I must respectfully dissent.

¶2 *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,* 523 U.S. 751, 118 S.Ct. 1700, 1705, 140 L.Ed.2d 981 (1998), recognized that tribal immunity is an unsound doctrine,[1] but declined to revisit the case law.[2] *Manufacturing Technologies* rejected the request that the doctrine of tribal immunity be confined to on-reservation, noncommercial activities[3] and pronounced an expansion of its rule of tribal immunity to include commercial activities off the reservation:

"Tribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation. Congress has not abrogated this immunity, nor has petitioner waived it, so immunity governs this case."

*Manufacturing Technologies,* 118 S.Ct. at 1705.

¶3 This is an equitable cause, Oklahoma County District Court case No. CJ–94–2522, brought to enforce the summary judgment affirmed in *Aircraft Equipment Company v. The Kiowa Tribe of Oklahoma,* 1996 OK 81, 921 P.2d 359 (*Aircraft I*). Aircraft I was an appeal out of Oklahoma District Court case No. CJ–92–10176. There is a subsequent appeal out of that same district court case, appeal No. 85,272 which is a pending appeal from a post-judgment garnishment order. Preliminary to dismissal of this cause,[4] appeal No. 85,272 should be considered by this Court. Therein this Court can determine whether the-law-of-the-case ¨operates as a manifest injustice[5] and whether to remand the cause for further consideration of the issue of waiver of tribal immunity.[6] Only

1. The *Manufacturing Technologies* opinion describes tribal immunity as a doctrine developed by accident, by passing reference in such opinions as *Turner v. United States,* 248 U.S. 354, 39 S.Ct. 109, 63 L.Ed., 291 (1919); explains that it was reiterated with little analysis in opinions such as *Puyallup Tribe, Inc. v. Department of Game of Washington,* 433 U.S. 165, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977); and characterizes tribal immunity as "at best, an assumption of immunity for the sake of argument, not a reasoned statement of doctrine." *Id.,* 118 S.Ct. at 1704.

2. Notwithstanding the majority opinion's view that the United States Supreme Court revisited the concept of tribal immunity, that Court said, "... we decline to revisit our case law and choose to defer to Congress." *Manufacturing Technologies,* 118 S.Ct. at 1705.

3. The Supreme Court said the respondent did not ask the Court to repudiate the doctrine outright. Rather, the respondent asked that the doctrine be confined to reservation and noncommercial activities. The Supreme Court "declined to draw this distinction in this case." *Manufacturing Technologies,* 118 S.Ct. at 1705.

4. Although this Court stayed the effect of its mandate in this appeal in July, 1997, the United States Supreme Court has not reached below this Court and vacated the district court judgment, as the majority says. On writ of certiorari to the Supreme Court of Oklahoma, the United States Supreme Court vacated the judgment of the Su-

preme Court of Oklahoma and remanded the case to this Court for further consideration in light of *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,* 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998).

5. The settled-law-of-the-case doctrine operates to bar relitigation of issues which are finally settled by an appellate opinion, *Barnett v. Barnett,* 1996 OK 60, 917 P.2d 473, 477, and will not be reversed on subsequent appeal unless the court is satisfied that the failure to reverse will result in manifest injustice. *Gay v. Hartford Underwriters Insurance Company,* 1995 OK 97, 904 P.2d 83, 88.

6. The summary judgment evidence in appeal No. 82,505, published at 1996 OK 81, 921 P.2d 359, established that the agreement between the Tribe and Aircraft Equipment is contained in two documents, the promissory note and the security agreement. This evidence is similar to the summary judgment evidence in appeal No. 87,031, *Carl E. Gungoll Exploration v. Kiowa Tribe of Oklahoma,* 1998 OK 128, 975 P.2d 442 as explained in my contemporaneous dissenting opinion therein. Unlike the single document, the note, considered in *Manufacturing Technologies,* the security agreement in this case does specify a governing law and the remedies available under that law. As in *Manufacturing Technologies,* Aircraft Equipment's promissory note has a paragraph entitled "Waivers and Governing Law," which does not specify a governing law. Different from *Manufacturing Technologies,* Aircraft Equipment's evidence includes a security agree-

then, would it be appropriate to consider whether the district court has the equitable power [7] to enforce the judgment rendered in Aircraft I. Because appeal No. 85,975 is a pending related appeal from an order allowing disinterested stakeholders to interplead funds, out of the same equitable cause in Oklahoma County District Court, No. CJ–94–2522, I would make it a companion to this appeal and hold both appeals in abeyance pending our disposition of appeal No. 85,272.

¶ 4 Even though the authority of a decision is not lessened by its failure to give grounds for its decision,[8] I would give *Manufacturing Technologies* no more than the strictest of application. In each of the appeals pending before this Court that are affected by *Manufacturing Technologies*, I would resist any ruling that may spill outside the confines of the specific appeal.

ment that specifies it is governed by Oklahoma law. By executing the security agreement, the Tribe agreed that Oklahoma's Uniform Commercial Code, 12A O.S.1991, §§ 1–101 et seq., would govern the bargain between the Tribe and Aircraft Equipment, even though it also reserved its sovereign rights.

Where the language of a security agreement is unambiguous, the intent of the parties is a question of law; but where the language of a security agreement is ambiguous, the intent of the parties is a question of fact for the jury to decide. *In re Yeary*, 55 F.3d 504 (10th Cir.1995). The security agreement in this case unambiguously provides that Aircraft Equipment may exercise any and all rights and remedies provided by Oklahoma's UCC. The reservation of sovereign rights, however, could be viewed as creating ambiguity regarding the remedies, thus creating a fact question which should be determined in the trial court.

7. If the agreement between Aircraft Equipment and the Kiowa Tribe is governed by Oklahoma's Uniform Commercial Code, then the state court may have power over this equity suit. At 12 O.S.1991, § 1–201, the UCC defines action to include a suit in equity.

8. *Fidelity & Deposit Co. v. U.S.*, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902).