1998 OK 128

**CARL E. GUNGOLL EXPLORATION JOINT VENTURE, an Oklahoma partnership, Appellee,**

v.

**The KIOWA TRIBE OF OKLAHOMA, Appellant.**

**J.B.J. Investment Corporation, a corporation, Appellee,**

v.

**The Kiowa Tribe of Oklahoma, Appellant.**

**Nos. 87,031, 87,032.**

Supreme Court of Oklahoma.

Dec. 22, 1998.

Supp.1997 § 696.4 now serves the same pur-       pose.

William J. Robinson, Shirk, Work, Robinson & Work, P.C., Oklahoma City, Oklahoma, for appellee, Carl E. Gungoll Exploration Joint Venture and J.B.J. Investment Corporation, a corporation.

R. Brown Wallace, Shelia D. Tims, Andrews, Davis, Legg, Bixler, Milsten, & Price, Oklahoma City, Oklahoma, for appellant, The Kiowa Tribe of Oklahoma.

SUMMERS, V.C.J.

¶1 The Kiowa Tribe of Oklahoma appeals from two judgments rendered against it in the District Court of Oklahoma County on promissory notes executed by the Tribe. In light of a recent decision of the United States Supreme Court on the subject of Indian tribal sovereign immunity we must reverse and remand.

¶2 In Case Number 87,031 Carl Gungoll Exploration Joint Venture (Gungoll) brought suit against the Tribe to recover money owing on a promissory note. The note makes no mention of a waiver of or limit on the Tribe's right of sovereign immunity. The Tribe failed to repay the money when due. Gungoll sued and filed a motion for summary judgment. The Tribe objected, asserting as a defense the doctrine of tribal sovereign immunity. The trial court granted judgment in favor of Gungoll, and awarded attorney's fees.[1]

¶3 A similar scenario existed in case number 87,032. There J.B .J. Investment Corporation sued the Tribe in state court to recover on a note. Again, the note did not waive the sovereign immunity of the Tribe. J.B.J. filed a motion for summary judgment. The Tribe asserted that its right of sovereign immunity prevented any further action by the state court. The trial court granted summary judgment in favor of J.B.J., also awarding attorney's fees. Because of the similarity of these two cases we treat them as companion for purposes of this appeal.

1. The dissent urges that this is not a judgment and therefore there is no appealable order. However, in the plaintiff's brief on summary judgment plaintiff states "[t]here are no facts [sic] questions raised by the pleadings to warrant a trial. The only questions are those of law and of mathematical computation of aspects of the debt that is presently due and owing." This statement, coupled with the court's judgment, show that there are no remaining issues in the trial court.

¶ 4 The U.S. Supreme Court case above referred to causes us to reexamine our earlier legal approach to the question of tribal sovereign immunity. In *Hoover v. Kiowa Tribe of Oklahoma*, 909 P.2d 59 (Okl.1995), *cert. denied*, 517 U.S. 1188, 116 S.Ct. 1675, 134 L.Ed.2d 779 (1996), this Court held that a contract between a non-Indian and a Tribe executed outside of Indian country was enforceable against the Tribe in state court. Under facts almost exactly like those presented by the cases at bar, this Court held that sovereign immunity did not bar the suit. Relying heavily on *Lewis v. Sac and Fox Tribe of Oklahoma Housing Authority*, 896 P.2d 503 (Okla.1994), *cert. denied*, 516 U.S. 975, 116 S.Ct. 476, 133 L.Ed.2d 405 (1995), in which the Court had held that Oklahoma state courts have concurrent jurisdiction over Indian matters, this Court determined that state courts had jurisdiction to hear the matter, and that their doing so was not barred by sovereign immunity:

> [W]henever Indian interests are tendered in a controversy, a state court must make a preliminary inquiry into the nature of the rights sought to be settled. Only that litigation which is explicitly withdrawn by Congress or that which infringes upon tribal self-government stands outside the boundaries of permissible state-court cognizance.

*Hoover*, 909 P.2d at 62, quoting *Lewis v. Sac and Fox*, 896 P.2d at 508.

¶ 5 Shortly after *Hoover*, this Court was again faced with a sovereign immunity issue. In *First Nat'l Bank of Altus v. Kiowa*, 913 P.2d at 300–301, we followed the reasoning of *Hoover* and *Lewis*, determining once again that suit in state court was not barred by the doctrine of tribal sovereign immunity. There, an intertribal committee entered into contracts with a bank, and failed to repay the loans. The bank brought suit in state court to recover on promissory notes. Quoting *Lewis* as authority, we stated that "state courts have inherent authority and thus are presumptively competent to adjudicate claims arising under the law of the United

States." *Id.* at 301. We permitted the state suit to continue.

¶ 6 In the same year we again faced this question in *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 921 P.2d 359 (Okla.1996). There, an aircraft company sued the Kiowa Tribe in state court for defaulting on its note. Once again we relied on *Hoover* and *Lewis*, holding that sovereign immunity did not bar the state court suit. We declined to followed the Tenth Circuit's ruling in *Sac and Fox Nation v. Hanson*, 47 F.3d 1061 (10th Cir. 1995), which held contrary to the *Hoover* case, and which said that the location of the commercial activity was not determinative, and that absent waiver an Indian tribe was immune from suit in state courts. A rationale for declining to follow this federal case was that the United States Supreme Court had denied certiorari in both *Hoover* and *Lewis*.

¶ 7 Now, however, the United States Supreme Court has spoken on this issue, and has issued an opinion directly contrary to our language in *Hoover*, *First National Bank of Altus*, and *Aircraft Equipment*. In *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, —— U.S. ——, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)[2], the manufacturing company brought suit in state court to recover on a promissory note executed by the Kiowa Tribe. The Tribe moved to dismiss based on the doctrine of sovereign immunity. The District Court denied the motion to dismiss, and granted judgment in favor of the manufacturing company. The Oklahoma Court of Civil Appeals affirmed the trial court's judgment, relying on this Court's ruling in *Hoover*.

¶ 8 The United States Supreme Court reversed the Court of Civil Appeals, holding that "tribal immunity is a matter of federal law and is not subject to dimunition by the States." *Id.* at 1703. "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Id.* at 1702. The Court continued by pointing out that in its cases, immunity from suit has been

---

2. The Supreme Court reviewed this case after granting certiorari on an unpublished Court of Civil Appeal's opinion.

sustained without distinction as to where the activities occurred. *Id.* Nor is there to be a distinction based on whether the activities are commercial or governmental. *Id.* The Court reiterated that in some instances the state might have the right to demand compliance with state laws, but may have no means available to enforce those laws. *Id.*

¶ 9 The High Court acknowledged that there are reasons to doubt the wisdom of the doctrine of sovereign immunity:

> In our interdependent and mobile society, however, tribal immunity extends beyond what is needed to safeguard tribal self-governance. This is evident when tribes take part in the Nation's commerce. Tribal enterprises now include ski resorts, gambling, and sales of cigarettes to non-Indians. [citations omitted] In this economic context, immunity can harm those who are unaware that they are dealing with a tribe, who do not know of tribal immunity, or who have no choice in the matter, as in the case of tort victims.

*Id.* at 1704. Even in light of these concerns, the High Court followed its own precedents [3] and declined to limit the doctrine, instead deferring to Congress.

¶ 10 It is true that this rule of law may discourage certain entities from wanting to do business with tribes, and such public policy considerations played a role in our earlier decisions. *Aircraft Equipment,* 921 P.2d at 361. However, the Supreme Court has noted,[4] as do we, that an express waiver of sovereign immunity may be inserted into the contract, and when so done the business or entity will be protected, and will have preserved its right to pursue the matter in state court.

¶ 11 In light of the U.S. Supreme Court's decision in *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,* —— U.S. ——, 118 S.Ct. 1700, 140 L.Ed.2d 981 [5], we expressly overrule *Hoover v. Kiowa Tribe of Oklahoma, supra,* and all language in *First Nat'l Bank of Altus v. Kiowa, Comanche and Apache Intertribal Land Use Committee, supra,* and *Aircraft Equipment Co. v. Kiowa Tribe, supra,* inconsistent with our ruling here today.[6]

¶ 12 *Kiowa Tribe v. Manufacturing Technologies* is directly on point, and requires that the trial court's summary judgment in each case before us on appeal be reversed. These cases are remanded to the District Court of Oklahoma County with instructions to enter judgments for the Tribe under the doctrine of tribal sovereign immunity.

¶ 13 KAUGER, C.J., SUMMERS, V.C.J., LAVENDER, SIMMS, JJ.—concur.

¶ 14 HODGES, J., concurs by reason of stare decisis and concurs in deference to mandate of *Kiowa Tribe v. Manufacturing Technologies, Inc.,* —— U.S. ——, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998).

¶ 15 WATT, J.—concurs by reason of stare decisis.

---

**3.** See *e.g. Oklahoma Tax Comm. v. Citizen Band Potawatomi,* 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991); *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering,* 476 U.S. 877, 890, 106 S.Ct. 2305, 90 L.Ed.2d 881 (1986); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *Puyallup Tribe, Inc. v. Dept. Of Game of Wash.,* 433 U.S. 165, 167, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977).

**4.** *Kiowa v. Manufacturing Technologies,* 118 S.Ct. at 1702, 1705.

**5.** We also note that two more cases have been reversed and remanded to this Court, in light of the Supreme Court's *Kiowa Tribe* decision, and one more reversed and remanded to the Court of Appeals. *Hoover v. Kiowa Tribe of Oklahoma,* 1998 OK 23, 957 P.2d 81 (Okla.1998), rev'd —— U.S. ——, 119 S.Ct. 32, 142 L.Ed.2d 25 (1998);

*Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma,* 939 P.2d 1143 (Okla.1997), rev'd —— U.S. ——, 118 S.Ct. 2058, 141 L.Ed.2d 136 (1998); and *Citizen Potawatomi Nation v. C & L Enterprises, Inc.,* unpublished memorandum opinion, case # 86,568, rev'd —— U.S. ——, 118 S.Ct. 2058, 141 L.Ed.2d 136 (1998).

**6.** If the reasoning of *Lewis v. Sac and Fox Nation* has been called into question by *Manufacturing Technologies'* rejection of *Hoover,* that subject must await another day. Even though the original *Hoover* case relies heavily on *Lewis* we do not overrule *Lewis,* as the issue in that case involved state court jurisdiction over what was arguably "Indian Country" rather than the issue of sovereign immunity, and there is no issue of Indian Country properly before us here.

¶ 16  HARGRAVE, OPALA, JJ.—concur in judgment.

¶ 17  WILSON, J.—dissents and is joined by OPALA, J.

ALMA WILSON, J., with whom OPALA, J., joins, dissenting:

¶ 1  The rule of stare decisis[1] obligates the Oklahoma courts to follow *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). In its pronouncement, *Manufacturing Technologies* recognized that the doctrine of tribal immunity is tenuous,[2] hence every precaution against an expansive application of its ruling should be taken.[3] Accordingly, I respectfully dissent to today's overreaching application of *Manufacturing Technologies*.

1. The rule of stare decisis reflects a policy judgment that in most matters it is more important that the applicable rule of law be settled than that it be settled right; it is the preferred course because it promotes evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to actual and perceived integrity of judicial process. *State Oil Co. v. Khan,* 522 U.S. 3, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).

2. The *Manufacturing Technologies* opinion describes tribal immunity as a doctrine developed by accident, by passing reference in such opinions as *Turner v. United States*, 248 U.S. 354, 39 S.Ct. 109, 63 L.Ed. 291 (1919); explains that it was reiterated with little analysis in opinions such as *Puyallup Tribe, Inc. v. Department of Game of Washington*, 433 U.S. 165, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977); and characterizes tribal immunity as "at best, an assumption of immunity for the sake of argument, not a reasoned statement of doctrine." *Id.*, 118 S.Ct. at 1704.

3. This is so especially where the pronouncing Court recognizes error in the principle. *Pollock v. Farmers' L. & T. Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895).

4. Neither does *Manufacturing Technologies* require that we direct the trial court to enter judgment in favor of the Tribe as the today's opinion does. Directing that judgment be entered in favor of the Tribe is a nonsequitur; where a party is immune from suit, the party is entitled to a dismissal of the claim.

   Although the body of this writing refers only to the parties in appeal No. 87,031, it is equally

## I

## THIS APPEAL SHOULD BE DISMISSED FOR LACK OF AN APPEALABLE ORDER.

¶ 2  *Manufacturing Technologies* does not require that we treat the partial summary judgment order in this case as an appealable order.[4] The action below was filed against the Tribe to recover the deficiency due on a promissory note and security agreement;[5] and against the Tribe and the members of the Kiowa Business Committee to recover damages for misrepresentation. The defendants answered contending that the claims against the Tribe and against the members of the Kiowa Business Committee are barred by the doctrine of sovereign immunity.[6] Gungoll moved for summary judgment against the Tribe on the contract claim and the trial court entered summary judgment

applicable in appeal No. 87,032, inasmuch as the pleadings, evidence, and procedural aspects of both these causes are similarly aligned.

5. The summary judgment evidence establishes that on April 3, 1990, J.T. Goombi, Chairman of the Kiowa Business Committee, executed a note and security agreement on behalf of the Kiowa Tribe of Oklahoma (Tribe) wherein the Tribe promised to pay Carl E. Gungoll Exploration Joint Venture (Gungoll) $30,000.00 as consideration for the purchase of 1,053 shares of common stock in Clinton–Sherman Aviation, Inc., an Oklahoma corporation. The Tribe defaulted on the note and Gungoll sold the collateral at a public sale. Being the highest and best bidder, Gungoll purchased the stock for One Dollar. Similar evidence was presented by J.B.J. Investment on summary judgment and is presented appeal No. 87,032.

6. The scope of *Manufacturing Technologies* goes no further than the contract claim against the Tribe. The United States Supreme Court has never ruled that individual agents or officers of a tribe are not liable for damages, *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 111 S.Ct. 905, 912, 112 L.Ed.2d 1112 (1991), and the tribe's business committee members' immunity from state court suit is not, by any stretch, implicit in *Manufacturing Technologies*. Stare decisis and *Manufacturing Technologies* do not require dismissal of the tort claims asserted against the Tribe and the members of the Kiowa Business Committee. Similarly, J.B.J. Investment alleged causes of action sounding in contract and in tort law, but the summary judgment reached only the contract claim against the Tribe.

against the Tribe in the amount of $29,999.00 due on the promissory note. The summary judgment record on appeal does not reveal that the district court has disposed of the misrepresentation claims against the Tribe and the members of the Kiowa Business Committee. It appears that the summary judgment on the contract claim against the Tribe does not dispose of all the claims asserted and that it is not an appealable order. 12 O.S.Supp.1998, § 994. Even in the absence of objection, this Court may not assume that the summary judgment on the contract claim resolved all the issues between the parties below. I would dismiss this appeal for lack of an appealable order.

## II

## THE TRIAL COURT SHOULD INITIALLY DECIDE WHETHER THE TRIBE HAS WAIVED ITS TRIBAL IMMUNITY.

¶ 3 The ruling in *Manufacturing Technologies, Inc.* is that Indian tribes are immune from suit on contracts unless Congress abrogates the immunity or the tribe waives its immunity.[7] The summary judgment record considered in *Manufacturing Technologies* is discussed in part I of the opinion.[8] *Id.*, 118 S.Ct. at 1702. Recognizing that the *Manufacturing Technologies* record was vague about some key details, the Court perused the face of the promissory note.[9] Noting the absence of an expression of governing law in the promissory note, the Court found that the note did not contain a waiver of the Tribe's immunity.[10]

¶ 4 This case, however, presents a waiver issue. The agreement between the Tribe and Gungoll is contained in two documents, the promissory note and the security agreement. Unlike the single document, the note, considered in *Manufacturing Technologies,* the security agreement in this case does specify a governing law and the remedies available under that law. As in *Manufacturing Technologies,* Gungoll's promissory note has a paragraph entitled "Waivers and Governing Law," which does not specify a governing law.[11] Different from *Manufacturing Technologies,* Gungoll's evidence includes a security agreement[12] that specifies it is gov-

---

7.  "Tribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation. Congress has not abrogated this immunity, nor has petitioner waived it, so immunity governs this case."
    *Id.*, 118 S.Ct. at 1705.

8.  J.T. Goombi, the Chairman of the Business Committee of the Kiowa Tribe of Oklahoma, executed a note promising that the Tribe would pay Manufacturing Technologies, Inc. $285,000.00. This was one of several notes executed by Goombi in order to purchase an Oklahoma business, the Clinton–Sherman Aviation, Inc. The Tribe defaulted and Manufacturing Technologies filed suit on the promissory note. Manufacturing Technologies was granted summary judgment on the note, which was affirmed by an unpublished opinion of the Court of Civil Appeals in appeal No. 86,489. This Court denied certiorari. The Tribe sought certiorari review in the United States Supreme Court and the decision of the Oklahoma Court of Civil Appeals was reversed.

9.  The only evidence of the parties agreement mentioned in *Manufacturing Technologies* is the promissory note.

10. The *Manufacturing Technologies* opinion reads: "The note does not specify a governing law. In a paragraph entitled 'Waivers and Gov-

erning Law,' it does provide: 'Nothing in this Note subjects or limits the sovereign rights of the Kiowa Tribe of Oklahoma.' " *Id.*, 118 S.Ct. at 1702.

11. As in *Manufacturing Technologies,* the paragraph provides: "WAIVERS AND GOVERNING LAW. No waiver by holder of any payment or other right under this Note or any related agreement or documentation shall operate as a waiver of any other payment or right. Nothing in this Note subjects or limits the sovereign rights of the Kiowa Tribe of Oklahoma."

12. Gungoll's security agreement contains the following provisions:

    VI. EVENTS OF DEFAULT. Undersigned shall be in default under this Agreement upon the happening of any one or more of the following event or conditions, herein called "Events of Default":
    1. Any payment required by any note or obligation of Debtor or Undersigned to Lender or to others is not made when due....
    VII. REMEDIES. Upon the occurrence of an Event of Default, and at any time thereafter, **Lender may**, at its option and without notice or demand to Undersigned except as otherwise provided by law, **exercise any and all rights and remedies provided by the Uniform Commercial Code of the state in which Lender is**

erned by Oklahoma law.[13] By executing the security agreement, the Tribe agreed that Oklahoma's Uniform Commercial Code, 12A O.S.1991, §§ 1–101 et seq.,[14] would govern the bargain between the Tribe and Gungoll, even though it also reserved its sovereign rights.[15]

¶ 5 Where the language of a security agreement is unambiguous, the intent of the parties is a question of law; but where the language of a security agreement is ambiguous, the intent of the parties is a question of fact for the jury to decide. *In re Yeary*, 55 F.3d 504 (10th Cir.1995). Gungoll's security agreement unambiguously provides that Gungoll may exercise any and all rights and remedies provided by Oklahoma's UCC. The reservation of sovereign rights, however, could be viewed as creating ambiguity regarding the remedies available to Gungoll, a fact question which should be determined in the trial court. This case should be returned to the district court for resolution of the waiver issue and application of *Manufacturing Technologies*.[16]

---

located, as well as all other rights and remedies possessed by Lender, including but not limited to: . . . .
(Emphasis added.)
VIII. GENERAL. The Undersigned further agrees to the additional provisions set forth below: . . .
6. *Sovereign Rights.* Nothing in this Agreement subjects or limits the sovereign rights of the Kiowa Tribe of Oklahoma.

**13.** It is an undisputed fact, same as in *Manufacturing Technologies*, that the "Lender is located" in Oklahoma.

**14.** The Uniform Commercial Code provides, in § 1–106, that remedies "shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed" and that **"Any right or obligation declared by this Act is enforceable by action** unless the provision declaring it specifies a different and limited effect." Action is defined in § 1–201 "in the sense of a judicial proceeding includes a recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights are determined. . . ."

**15.** The *Manufacturing Technologies* opinion makes it clear that tribal immunity is a rule of federal common law. The opinion does not,

## III

### THE OVERRULING OF *AIRCRAFT EQUIPMENT CO. V. KIOWA TRIBE OF OKLAHOMA,* 1996 OK 81, 921 P.2d 359, AND *HOOVER V. KIOWA TRIBE OF OKLAHOMA,* 1995 OK 136, 909 P.2d 59, CERT. DENIED, 517 U.S. 1188, 116 S.Ct. 1675, 134 L.Ed.2d 779 (1995), SHOULD BE DECIDED IN THE SUBSEQUENT, PENDING APPEALS IN THE SAME CASES.

¶ 6 Even if we treat the summary judgment as an appealable order and we decide, as a matter of law, that the Tribe did not waive its immunity to suit, this Court need not hasten, in this appeal, to overrule *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 1996 OK 81, 921 P.2d 359, and *Hoover v. Kiowa Tribe of Oklahoma*, 1995 OK 136, 909 P.2d 59, *cert. denied,* 517 U.S. 1188, 116 S.Ct. 1675, 134 L.Ed.2d 779 (1996). This is particularly so because we have subsequent appeals out of the same cases presently pending before this Court: *Kiowa Tribe of Oklahoma v. Aircraft Equipment Co.,* No. 97–216, *judgment vacated and remanded to the Supreme Court of Oklahoma for further consideration,* — U.S. —, 118 S.Ct. 2058, 141 L.Ed.2d 136,[17] and *Kiowa Tribe of Okla-*

---

however, give meaning to the contract language "Nothing in this Note subjects or limits the sovereign rights of the Kiowa Tribe of Oklahoma." Nor does the opinion explicitly say that tribal immunity is a sovereign right.

**16.** Whether we dismiss the appeal or remand it, the district court should determine, in the first instance, the extent of the force of the ruling in *Manufacturing Technologies*, under the facts and circumstances presented.

**17.** Oklahoma County District Court, No. CJ–92–10176, *Aircraft Equipment Co., a joint venture v. The Kiowa Tribe of Oklahoma.* First appeal was from a summary judgment on the promissory note and security agreement in favor of plaintiff, appeal No. 82,505, published at 1996 OK 81, 921 P.2d 359. Second appeal is from a post-judgment garnishment disbursement order which is pending on appeal in No. 85,272.

Also pending before this Court are two other related appeals out of Oklahoma County District Court, No. CJ–94–2522, Aircraft Equipment Co., a joint venture v. The Kiowa Tribe of Oklahoma, Aquila Energy Corporation, The Home–Stake Royalty Corporation, Kerr McGee refining Corporation, Oryx Energy Corporation, Plains Liquids Transport, Inc., Sun Company, Inc. (D...

*homa v. Robert M. Hoover, Jr.*, No. 97–2018, *judgment vacated and remanded to the Supreme Court of Oklahoma for further consideration,* —— U.S. ——, 119 S.Ct. 32, 142 L.Ed.2d 25.[18] Both these remanded cases involve the settled-law-of-the-case rule.[19] If the settled-law-of-the-case is to be overruled, it should be done in these subsequent, pending appeals, **remanded by the United States Supreme Court for further consideration in light of *Manufacturing Technologies.*** Careful consideration of the settled-law-of-the-case in these subsequent appeals is consistent with the doctrine of stare decisis [20] and the recognition in part II of the *Manufacturing Technologies* opinion that tribal immunity is an assumption of federal common law developed by obiter dictum that became a doctrine by passing judicial acquiesce.[21]

¶ 7 According to *Manufacturing Technologies,* the Oklahoma courts have no jurisdiction over a contract claim against the Tribe, unless Congress abrogates the federal common law rule of tribal immunity or the Tribe waives tribal immunity. *Hoover v. Kiowa Tribe of Oklahoma,* 1998 OK 23, 957 P.2d 81, *judgment vacated and remand-*

*ed,* —— U.S. ——, 119 S.Ct. 32, 142 L.Ed.2d 25, presented an in-depth consideration of historical acts of Congress that settled the status of Indian tribes in Oklahoma at statehood—acts whereby Congress subjected Indian citizens and Indian tribes to the sovereignty of the State of Oklahoma, with specific exceptions, and thereby abrogated any federal common law tribal immunity. Congress did not leave tribal immunity intact when it authorized Oklahoma to enter the Union and the *Manufacturing Technologies* Court did not consider the acts of Congress leading to Oklahoma statehood. Because *Manufacturing Technologies* effectively erodes the plenary power of the Oklahoma courts and hence the sovereignty of the State of Oklahoma, we should take every precaution against expansive application of its ruling.[22] It is unnecessary and unwise to disturb the settled-law-of-the-case in *Hoover* or *Aircraft* in this appeal.

**M),** Associated Natural Gas, Inc., Associated Transport and Trading Company, Senex Pipe Line Company, and Hamon Operating Company. First appeal was from an order directing payment of funds into the district court in an equitable cause in the nature of a creditor's bill to enforce the summary judgment in No. CJ–92–10176, appeal No. 86,194, opinion published at 1997 OK 62, 939 P.2d 1143, vacated and remanded for further consideration, —— U.S. ——, 118 S.Ct. 2058, 141 L.Ed.2d 136. Second appeal is from an order allowing disinterested stakeholders to interplead funds which is **pending on appeal** in No. 85,975.

**18.** Oklahoma County District Court, No. CJ–91–667, *Hoover v. The Kiowa Tribe of Oklahoma.* First appeal was from an order dismissing petition on basis of tribal immunity, appeal No. 78,185, published at 1995 OK 136, 909 P.2d 59, *cert. denied,* 517 U.S. 1188, 116 S.Ct. 1675, 134 L.Ed.2d 779 (1996). Second appeal is from summary judgment on the promissory note and security agreement in favor of plaintiff, appeal No. 87,139, published at 1998 OK 23, 957 P.2d 81, vacated and remanded for further consideration, —— U.S. ——, 119 S.Ct. 32, 142 L.Ed.2d 25 (1998), and is **pending before this court.**

**19.** The settled-law-of-the-case doctrine operates to bar relitigation of issues which are finally settled by an appellate opinion, *Barnett v. Bar-*

*nett,* 1996 OK 60, 917 P.2d 473, 477, and will not be reversed on subsequent appeal unless the court is satisfied that the failure to reverse will result in manifest injustice. *Gay v. Hartford Underwriters Insurance Company,* 1995 OK 97, 904 P.2d 83, 88.

**20.** Stare decisis is not an inexorable command, particularly where the underpinnings of the common law are called into serious question. *State Oil Co. v. Khan,* 118 S.Ct. at 284.

**21.** The opinion also recognized that perhaps, at one time, the doctrine "might have been thought necessary to protect nascent tribal governments" but there are, in today's economic context, "reasons to doubt the wisdom of perpetuating the doctrine." *Id.,* 118 S.Ct. at 1704. Drawing comparison between tribal immunity and sovereign immunity for foreign countries, the *Manufacturing Technologies* opinion declined to revisit the case law and left the issue to Congress to weigh and accommodate the competing interests.

**22.** Today's ruling needlessly disturbs a case involving a committee of representatives of Indian tribes, but in which no Indian tribe is a party. *First National Bank of Altus v. Kiowa, Comanche and Apache Intertribal Land Use Committee,* 1996 OK 34, 913 P.2d 299.