2000 OK 27

**AIRCRAFT EQUIPMENT COMPANY, a joint venture, Appellee**

v.

**The KIOWA TRIBE OF OKLAHOMA, Appellant,**

**Watson Management Group, Inc., Garnishee.**

**No. 85,272.**

Supreme Court of Oklahoma.

April 11, 2000.

R. Brown Wallace, Shelia D. Tims, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, Oklahoma for Appellant.

William J. Robinson, Shirk, Work, Robinson & Work, P.C., Oklahoma City, Oklahoma for Appellee.

SUMMERS, C.J.:

¶ 1 This is the latest in a series of cases by which this Court has addressed the question of tribal sovereign immunity. Before the Court is an order of the District Court of Oklahoma County holding valid a series of garnishments against the Kiowa Tribe issued by Aircraft Equipment Co., the Tribe's judgment creditor. Although the Court had earlier denied the Defendant's motion to retain, we now withdraw that order and retain the appeal. We reverse the lower court's order, and remand with instructions to enter judgment for the Tribe.

¶ 2 Aircraft Equipment Company and Kiowa Tribe entered into a contract. Kiowa Tribe defaulted. Aircraft sued to recover on the underlying obligation owed by the Tribe, and obtained a judgment in Case No. 82,505, which was affirmed by this Court. *Aircraft Equipment Company v. Kiowa Tribe of Oklahoma*, 921 P.2d 359 (Okla.1996), (hereinafter *Aircraft I* ). After *Aircraft I* was decided, the United States Supreme Court handed down its opinion in *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) which drew into question

our *Aircraft I* decision. In a related case, *Gungoll v. Kiowa Tribe of Oklahoma*, 975 P.2d 442 (Okla.1998) we overruled *Aircraft I*, holding that tribal sovereign immunity barred suit.

¶ 3 Several appeals arose out of the judgment obtained in *Aircraft I*. After the United States Supreme Court's *Manufacturing Technologies* decision, these appeals have either been dismissed or now resolved in favor of the Kiowa Tribe. *Gungoll v. Kiowa*, *supra; Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 1998 OK 126, 975 P.2d 450 (Okla.1998) (hereinafter *Aircraft II* ) (overruling *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma*, 1997 OK 62, 939 P.2d 1143 (Okla.1997)) [1]. Only the present case remains.

¶ 4 In this case Aircraft sought to recover its judgment (obtained in Case No. 82,505) though garnishment of tribal funds. Beginning on March 29, 1994 and continuing through January 31, 1995, Aircraft filed monthly garnishment actions. In the first two filed the trial court granted the garnishment over the objections of the Tribe. In the next four no objection was filed, and no orders were entered by the trial court. In the last five actions the Tribe again filed objections, claiming sovereign immunity, and urging that Aircraft could not maintain a suit in state court. On February 24, 1995 the trial court issued an order specifically addressing these last five garnishment actions. It held that the proceedings should no longer be stayed, that the objections of the Tribe

should be overruled, that the garnishments should be enforced, and that Aircraft was entitled to the funds held by the garnishee.[2] This appeal resulted.

■ ¶ 5 The first issue presented is whether the case should be dismissed for failure to timely file the appeal. Aircraft urges that the trial court issued final orders regarding the Tribe's claimed exemption on March 17, 1994, and on May 5, 1994. As such, Aircraft urges that it was from either of these dates that the time to appeal began to run. The Tribe asserts that it was from the February 24, 1995 order that the time to appeal began to run. In the alternative, the Tribe asserts that because the trial court lacked jurisdiction due to the Tribe's sovereign immunity, the first two orders were void, can be attacked at any time, and cannot serve as the basis for *res judicata* or collateral estoppel.

■ ¶ 6 The two orders issued on March 17, 1994 and May 5, 1997 are not before this Court. In the petition-in-error filed by the Kiowa Tribe, only the last order, the one issued on February 24, 1995, is brought into issue. That order [3] specifically resolves and makes final the garnishment proceedings of September 28, 1994, October 28, 1994, November 30, 1994, December 30, 1994 and January 31, 1995. It is the correctness of this order that is currently before the Court, and it is only these five garnishments that are subject to review. From this ruling the Tribe filed a timely appeal. *See Supreme*

---

1. Appeal Nos. 85,975 and 90,230 were dismissed.

2. The trial court's order read as follows:

   This Court reviews: (1) the objections to garnishment filed by the Kiowa Tribe of Oklahoma (the "Tribe") on November 4, 1994, November 30, 1994, January 3, 1995, and February 6, 1995 which challenged the garnishment summones issues on October 28, 1994, November 30, 1994, December 30, 1994 and January 31, 1995, respectively, and (2) the Oklahoma Supreme Courts denial of the Tribe's Application to Assume Original Jurisdiction and Petition for Writ of Prohibition, in Case No. 84,729. Pursuant to this review, the Court makes the following rulings: 1. Enforcement of the garnishment summons issued on September 30, 1994, and previously suspended pursuant to an Agreed Order,

should no longer be stayed and the objections thereto are denied.
2. The Tribe's objections to the October, November, December and January garnishments should be denied on the basis of the Findings of Fact and Conclusions of Law filed in this action on December 2, 1994 and such findings and conclusions are adopted herein.
3. The plaintiff is entitled to disbursement of the Tribe's funds held by garnishee, Watson management Group, Inc., pursuant to the garnishment summones issued September 30, 1994, October 28, 1994, November 30, 1994, December 30, 1994 and January 31, 1995. IT IS SO ORDERED.

3. We now treat a garnishment proceeding as an action independent from the principal action, and one that results in a judgment that is "final". See *Shriver v. Dolph*, 1978 OK 67, 580 P.2d 144.

*Court Rule* 1.21, *12 O.S.Supp.1998, Ch. 15, App.1.*

¶7 Aircraft asserts that the trial court's decisions in the March 17, 1994 and May 5, 1994 orders bar reconsideration of the issue of sovereign immunity. Aircraft asserts that *res judicata* and collateral estoppel (or claim and issue preclusion) precludes this Court's review of the legal issue. Because the issue of sovereign immunity was addressed by the trial court in these first two orders, Aircraft asserts that the question of sovereign immunity cannot be reviewed.

■ ¶8 For two reasons we must disagree. First, the United States Supreme Court, in *Kiowa Tribe of Oklahoma v. Manufacturing Technologies,* 523 U.S. 751, 118 S.Ct. 1700, 1702, 140 L.Ed.2d 981, reiterated that "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." [4] Clearly, in the present case, Congress did not authorize this suit. Neither has the Tribe waived its immunity. In fact, it has specifically asserted its immunity since the inception of the first suit, including that in which judgment was obtained in Case No. 82,505.

¶9 The *Manufacturing* court concluded by saying at p. 1705:

[6] In light of these concerns, we decline to revisit our case law and choose to defer to Congress. Tribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation. Congress has not abrogated this immunity, nor has petitioner waived it, so the immunity governs this case. The contrary decision of the Oklahoma Court of Appeals is Reversed.

In arriving at this conclusion the court reasoned *"So tribal immunity is a matter of federal law and is not subject to diminution by the states." Manufacturing* at 1703. (Emphasis added)

**4.** As authority for this statement the United States Supreme Court relied on cases dating back to 1940: *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering,* 476 U.S. 877, 106 S.Ct. 2305, 90 L.Ed.2d 881 (1986);

■ ¶10 The doctrine of *res judicata* is a state-created one, and state courts are generally free to develop their own rules to avoid re-litigation of common issues. *Richards v. Jefferson Co.,* 517 U.S. 793, 797, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996). State *res judicata* jurisprudence is, however, as is all state-created law, subordinate to federal constitutional principles, e.g. due process. *Id.* To here allow state judicial intrusion into the sovereign tribal coffers by reason of the state procedural doctrines of *res judicata* or collateral estoppel would clearly diminish the federally mandated sovereign immunity by reason of state law, contrary to *Manufacturing.*

■ ¶11 There is yet another reason why the claims of *res judicata* and collateral estoppel do not control: The right of a state to apply its substantive law does not always include the right to enforce a judgment. *Aircraft Equipment Co. v. Kiowa Tribe of Oklahoma,* 1998 OK 126, 975 P.2d 450, 451 (Okla.1998). The United States Supreme Court made this clear in *Manufacturing Technologies,* 118 S.Ct. at 1702, following its prior opinion in *Oklahoma Tax Comm'n v. Potawatomi Indian Tribe of Oklahoma,* 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). The *Manufacturing* Court observed:

"In Potawatomi, for example, we reaffirmed that while Oklahoma may tax cigarette sales by a Tribe's store to nonmembers, the Tribe enjoys immunity from a suit to collect unpaid taxes. 498 U.S., at 510, 111 S.Ct., at 909–910. *There is a difference between the right to demand compliance with state laws and the means available to enforce them."* (Emphasis added)

¶12 Even if the underlying judgment in case no. 82,505 is valid, it is not subject to enforcement in state court. The same is true of the earlier, un-appealed garnishments. Garnishment is simply a means of enforcing a judgment, and enforcement of a judgment against the Tribe is barred by sovereign immunity unless the Tribe waives such immunity.

*Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *United States v. United States Fidelity and Guaranty Co.,* 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940).

¶ 13 Here, the Tribe has not waived its immunity. The issue of sovereign immunity was raised by the Tribe in every brief filed in response to the garnishments addressed by the trial court's February 24, 1995, order. Aircraft does not assert that sovereign immunity was waived. In this instance the remedy of garnishment is not available, according to the teachings of *Manufacturing Technologies, supra,* and *Potawatomi Indian Tribe, supra.*

¶ 14 The District Court's order of February 24, 1995 is reversed, and the cause remanded with instructions to enter judgment for the Tribe.

¶ 15 SUMMERS, C.J., and LAVENDER, KAUGER, and BOUDREAU, JJ., concur.

¶ 16 WATT, J., concurs by reason of Stare Decisis.

¶ 17 HARGRAVE, V.C.J., and HODGES, and OPALA, JJ., dissent.

¶ 18 WINCHESTER, J., not participating.